WILLIAM HERSH, APPELLANT, V. MILDRED K. MILLER, APPELLEE.

99 N. W. 2d 878

Filed December 24, 1959. No. 34716.

*Mathews, Kelley & Stone* and *Martin A. Cannon,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This action was commenced in the district court for Douglas County by William M. Hersh against Mildred K. Miller. Defendant's demurrer to plaintiff's second amended petition was sustained by the trial court. Plaintiff elected to stand on his second amended petition, whereupon the case was dismissed. Plaintiff then

filed a motion for new trial and has taken this appeal from the overruling thereof.

The question presented by this appeal is, does appellant's second amended petition state a cause of action against the appellee? Insofar as here material, the appellant in his second amended petition, alleges:

"That plaintiff is and was on April 25, 1958 the owner of a 1953 Utility Semi-Trailer and a 1953 Diamond T. Tractor, which on April 25, 1958 was being driven east on U. S. Highway #6, also called the West Dodge Road, in Douglas County, Nebraska. * * * That on said date at about 1:00 P.M. defendant was in charge of a certain 1957 Chevrolet automobile, and left said automobile unlocked and unguarded in a public place in the City of Omaha near 5718 Military Avenue. One Donald Pecoraro, a minor then 12 years of age, got into said automobile, started it and drove it away, and shortly thereafter drove it south on 156th Street, into the intersection of 156th & Dodge Road and drove it into and against the side of plaintiff's truck in the intersection of 156th and West Dodge Road. As a result plaintiff's trailer was severely damaged and was disabled for the period of time necessary for repairs. * * * That on said date there was in force an Ordinance of the City of Omaha, entitled 'Traffic Code', Chapter 55 of the Omaha Municipal Code, which includes Article 7, 'Operation of Vehicles', and in said article 7 contains Section 30 which reads as follows: 55-7.30, UNLOCKED, UNATTENDED MOTOR VEHICLE. It shall be unlawful for any person to leave any motor vehicle standing on the streets or thoroughfares or other public places in the City of Omaha, without first having securely locked said vehicle, or without leaving some person in charge thereof: Provided, however, this Section shall not apply to delivery trucks or trucks of any other character whatsoever. * * * That said damage was directly and proximately caused by the negligence of the defendant in leaving the said automobile

standing in a public place in the City of Omaha without first having securely locked it, and without leaving some person in charge thereof, contrary to the ordinances of said City, and when she knew or should have known that to do so would endanger persons in the class to which plaintiff belonged and the property of such persons."

"A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact." Babin v. County of Madison, 161 Neb. 536, 73 N. W. 2d 807.

It will be observed that appellant contends the appellee's violation of the ordinance was negligence and the proximate cause of the accident and damages flowing therefrom.

While the purpose of the ordinance is primarily for the protection of car owners themselves and as an aid in proper law enforcement against theft and pilferage, however, to a limited extent, it is also a safety measure intended to protect the users of the public streets and highways at large, of whom appellant was one. See, Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382; Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680. As stated in Frontier Steam Laundry Co. v. Connolly, 72 Neb. 767, 101 N. W. 995, 68 L. R. A. 425: "* * * in some cases their purpose is both for the welfare of the public at large and also for the protection of the personal and property rights of individuals. In such case the individual may adduce the failure to perform the duty enjoined as evidence of negligence."

"The violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is sufficient to prove such a breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur. * * * Such a violation is evidence of negli-

gence, which the jury is entitled to consider upon the question whether actionable negligence existed." Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569. In 51 A. L. R. 2d at page 636, under the annotation "Liability for damage or injury by stranger starting motor vehicle left parked on street," it is stated: "There is abundant authority to indicate that if a motor vehicle has been parked in a public street and left unlocked with the keys in the ignition switch, this is sufficient to support a finding of negligence on the part of the person who parked the car."

Negligence consisting in whole or in part of the violation of statutes or ordinances, like other negligence, is without legal consequence unless it is a contributing cause of the injury for which recovery is sought. See, Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So. 2d 243; Sullivan v. Griffin, 318 Mass. 359, 61 N. E. 2d 330. As stated in Kiste v. Red Cab, Inc., 122 Ind. App. 587, 106 N. E. 2d 395, by quoting from Northern Ind. Transit, Inc. v. Burk, 228 Ind. 162, 89 N. E. 2d 905, 17 A. L. R. 2d 572: "A violation of the statutory duty must be also a proximate cause of the injury to constitute actionable negligence."

"Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the accident could not have happened." Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831.

"A party is only answerable for the natural, probable, reasonable, and proximate consequences of his acts; and where some new efficient cause intervenes, not set in motion by him, and not connected with but independent of his acts and not flowing therefrom, and not reasonable in the nature of things to be contemplated or foreseen by him, and produced the injury, it is the dominant cause." Kroeger v. Safranek, *supra*.

"An efficient, intervening cause is a new and inde-

pendent force which breaks the causal connection between the original wrong and the injury." Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758.

"The causal connection is broken if between the defendant's negligent act and the plaintiff's injury there has intervened the negligence of a third person who had full control of the situation and whose negligence was such as the defendant was not bound to anticipate and could not be said to have contemplated, which later negligence resulted directly in the injury to the plaintiff." Coyle v. Stopak, *supra.*

We have never dealt squarely with a case, such as here, where a thief, or any other unauthorized person, takes a car parked in violation of an ordinance such as here presented. However, many courts have as is evidenced by the annotation contained in 51 A. L. R. 2d at page 633, under the subject "Liability for damage or injury by stranger starting motor vehicle left parked on street." The great majority thereof have come to the conclusion that no liability attaches. As stated in Galbraith v. Levin, 323 Mass. 255, 81 N. E. 2d 560: "* * * the conduct of the thief was an intervening cause which the defendants were not bound to anticipate and guard against." See, also, Corinti v. Wittkopp, 355 Mich. 170, 93 N. W. 2d 906; Kiste v. Red Cab, Inc., *supra;* Anderson v. Theisen, 231 Minn. 369, 43 N. W. 2d 272; Permenter v. Milner Chevrolet Co., *supra.* As stated in Permenter v. Milner Chevrolet Co., *supra,* by quoting from Midkiff v. Watkins (La. App.), 52 So. 2d 573: "Under the facts as related in this case, we are convinced that there was an intervening cause which broke the sequence of the defendant's alleged negligence, if any. To hold the defendants liable in this case would go far towards making them insurers as to the consequences of every accident in which their car might become involved while operated by thieves or their successors in possession." As stated in Corinti v. Wittkopp, *supra:* "Even where there was a statute or ordi-

nance prohibiting leaving the key in the ignition, most State courts have held that theft of an automobile left with key in ignition by the driver severed, as a matter of law, any possible causal relation between the violation of the ordinance or statute and the ultimate dam-age occasioned by the thief."

We think the reasons stated by the majority of the courts that have passed thereon that no liability attaches to the owner of a car parked in violation of such ordinance when taken by a thief, or other unauthorized person, who, while driving the same, has an accident therewith resulting in injury and damage to third persons, such as the appellant, are sound and should be followed. The same would be true in the absence of such an ordinance. See Kiste v. Red Cab, Inc., *supra*.

In view of the foregoing we find the action taken by the trial court to be correct and affirm its judgment of dismissal.

AFFIRMED.