JACQUELYN FLANNERY, APPELLANT, v. SAMPLE HART MOTOR COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLEES.

231 N. W. 2d 339

Filed July 3, 1975. No. 39880.

Thomas R. Wolff, for appellant.

Erickson, Sederstrom, Johnson & Fortune, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The plaintiff, Jacquelyn Flannery, brought this action for personal injuries sustained in an automobile accident which was caused by the negligence of the unidentified driver of an automobile stolen from the repair lot of the defendant, Sample Hart Motor Company. At the conclusion of the testimony, the District Court sustained defendant's motion for directed verdict, and plaintiff has appealed.

In the early part of February 1971, a Ford automobile owned by Carl Anderson was involved in an accident. The right front wheel was bent in under the car at a 20 to 30 degree angle and there was substantial other damage. The car was not in condition to be driven. It was towed to Anderson's home. On February 16, 1971, Anderson employed Neff Towing Service, Inc., to pick up the car and tow it in for repairs. On February 17, 1971, Neff Towing Service, Inc., towed the car to the Sample Hart garage and placed the car on the open repair lot. The driver for Neff Towing Service, Inc., unhooked the car from the tow truck, removed the key, and locked the car. It was then 5:30 p.m., after business hours. The driver made out the tow ticket and placed the ticket and the key in an envelope and deposited the envelope in a drop box provided for that purpose in the side door of the Sample Hart building. At some time between 5:30 p.m. February 17th and 2 p.m. February 20, 1971, the automobile was stolen.

On February 20, 1971, at approximately 2 p.m., the plaintiff was a passenger in a car being driven by her husband on Florence Boulevard in Omaha, Nebraska. A car occupied by two unidentified negro males, approximately 14 or 15 years of age, struck plaintiff's car in attempting to pass. The other car went on down the street in an erratic fashion until it struck a stop sign.

The driver and the passenger jumped out and ran. They were never located or identified. The car was the Anderson car, which had been stolen from the Sample Hart repair lot. Plaintiff's husband testified that the keys were in the ignition of the car but he did not remember whether there were two keys or a key and a tag. Plaintiff's injuries were sustained in the hit-run accident.

The plaintiff filed this action against Sample Hart Motor Company; Neff Towing Service, Inc.; Carl Anderson, the owner of the car; and Allstate Insurance Company, the owner's insurance carrier. Demurrers of the owner and his insurance carrier were sustained before trial. Motion to dismiss by Neff Towing Service, Inc., was sustained at the conclusion of plaintiff's evidence, and motion to dismiss by Sample Hart Motor Company was sustained at the conclusion of all the evidence. Plaintiff has appealed.

The plaintiff's cause of action rests on the allegation that Sample Hart was negligent as to the plaintiff in leaving the keys of the Anderson car in the ignition while the car was on the repair lot. The plaintiff alleges that Sample Hart violated section 35.28.350 of the municipal code of the City of Omaha, which provides: "No person having control or charge of a motor vehicle shall allow such vehicle to stand on any street unattended without * * * locking the ignition and removing the key, * * *." Plaintiff contends that the ordinance applies to vehicles on private property as well as to those on a street. We disagree. The ordinance by its terms applies only to vehicles standing "on any street." Even under statutes not restricted to public places by their terms, courts have almost universally held that such statutes do not apply to vehicles parked upon private property. See cases cited in Annotation, 45 A. L. R. 3d 787, § 7, p. 808. The Sample Hart repair lot was private property and the ordinance was not applicable.

The plaintiff also contends that in any event a failure

to remove the keys from an automobile may still be negligence under the rule of section 302 B, Restatement, Torts 2d: "An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal." Comment d to that section and illustration 2 make it clear that the conduct of the defendant, Sample Hart, under the facts and circumstances here was not negligent as to the plaintiff within the meaning of the Restatement rule.

An exhaustive annotation entitled "Liability of motorist who left key in ignition for damage or injury caused by stranger operating the vehicle" appears at 45 A. L. R. 3d 787. In the approximately 70 pages of that annotation we find no cases supporting the imposition of liability on a defendant under facts and circumstances approximately matching those presented in the record here. While the grounds upon which denial of liability has been predicated vary, the vast majority of cases have denied liability in the absence of an applicable key-in-ignition statute.

In Hersh v. Miller, 169 Neb. 517, 99 N. W. 2d 878, this court held that even where there was a violation of an applicable key-in-the-car ordinance, no liability attaches to a motorist who parks a car in violation of such ordinance when the car is later taken by a thief or other unauthorized person who drives the car negligently causing injury and damage to third persons. It necessarily follows that in the absence of an applicable statute or ordinance, a motorist or bailee having control of a motor vehicle who leaves the vehicle unattended on private property without locking the ignition and removing the key is not liable to a third person when the vehicle is taken by a thief or other unauthorized person who drives it negligently and causes personal injury and property damage to such third person.

In the absence of applicable statutes or ordinances, the failure of a person having charge of a motor vehicle to remove the ignition key does not constitute a negligent omission or the breach of a duty owed to a third person in the position of the plaintiff here. To hold the defendant, Sample Hart, liable in this case would make it an insurer as to any accident in which the car might be involved while it was operated by a thief. A motorist would be an insurer in such a case even though his automobile insurance policy specifically excluded coverage to him under such circumstances. No reasonable public policy requires that result.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in the result.