MARIE BODZEK, APPELLEE, v. DAVID W. CALLAHAN, HARVEY CALLAHAN, AND MARIANNE CALLAHAN, APPELLANTS.

319 N.W.2d 721

Filed May 21, 1982.   No. 43973.

Ray C. Simmons, P.C., for appellants.

No appearance for appellee.

Heard before KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and MURPHY and WHITEHEAD, D. JJ.

MURPHY, D.J.

This is an action brought by the plaintiff, Marie Bodzek, for personal injuries resulting from an automobile collision with the defendant David W. Callahan. The defendants admitted liability but denied that the plaintiff was injured. After trial, the jury returned a verdict for the defendants. In granting plaintiff's motion for a new trial, the trial court found "that there were irregularities in the proceedings by the prevailing party which prevented the plaintiff from having a fair trial." The defendants

appeal from the order setting aside the judgment for the defendants and granting the plaintiff a new trial.

Counsel for the plaintiff did not file a brief or appear for argument.

Although there is nothing in the record to indicate the nature of the "irregularities" the trial court referred to in ruling on the plaintiff's motion for a new trial, a review of the entire record leads to the conclusion that the trial court was concerned with a prior accident in 1968, at which time the defendants' attorney represented the plaintiff.

During direct examination of the plaintiff, her attorney elicited testimony about injuries she received in the 1968 accident.

On cross-examination of the plaintiff, the attorney for the defendants asked the following questions, and the plaintiff gave the following answers: "Q. Now, Mrs. Bodzek, this morning you were asked about this accident you had in 1968, with the redimix [sic] truck, do you recall that? A. What? Q. When you had your accident in 1968 with the Arp's truck? A. Yes, sir. Q. And my notes here are that your attorney asked you what your injuries were in that accident and you said your forearm was hurt and you had general soreness? A. Yes, sir, you were my attorney. Q. Was that your answer though, this morning? A. I said I had general body soreness and general body strain and contusions of the right forearm. Q. That's what you said this morning? A. Yes, sir."

The defendants' attorney then went on to question the plaintiff about further injuries resulting from the 1968 collision as reflected in her petition and deposition filed subsequent to that collision.

After the plaintiff had rested, the trial court held a conference with counsel for the parties, at which time the court inquired if there would be a problem about the prior representation of the plaintiff by the attorney for the defendants.

At this conference it was brought out that the plaintiff had revealed the 1968 accident, her injuries, and hospitalization in answers to interrogatories prior to trial. The plaintiff's attorney also admitted that he was aware of the plaintiff's representation by the defendants' attorney in the prior accident. The court then invited the plaintiff's attorney to take whatever action he deemed necessary at that time by reason of the prior representation of the plaintiff by the defendants' attorney, in the following words: "I'm bringing it up so that you [plaintiff's attorney] can do what you want to do now, because I don't want to be faced with a new trial because of this."

No motions for a mistrial were made. Nor did the plaintiff's attorney make any objections or move to strike the comment by the plaintiff about her prior representation.

The defendants then proceeded with their case and rested. Following final argument and instructions of law, the jury returned a verdict for the defendants.

It is well established that where a party has sustained the burden and expense of trial and has succeeded in securing the judgment of a jury on the facts in issue, he has the right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. *McKinney v. County of Cass,* 180 Neb. 685, 144 N.W.2d 416 (1966); *Sleezer v. Lang,* 170 Neb. 239, 102 N.W.2d 435 (1960).

The verdict of the jury should not be disturbed unless said verdict is clearly wrong. There is no indication that the verdict in this case was clearly wrong or of prejudicial error in the proceedings by which the verdict was secured.

The trial court's order granting a new trial to the plaintiff does not specify the nature of the "irregularities" which prevented the plaintiff from having a fair trial. However, an examination of the record would indicate that the trial court was referring to

the prior representation of the plaintiff by the attorney for the defendants.

Although invited to do so by the trial court, counsel for the plaintiff elected not to move for a mistrial.

A party may not complain of misconduct of opposing counsel when, with knowledge of such alleged misconduct, he does not ask for a mistrial but consents to take the chance of a favorable verdict. *State v. Wounded Arrow*, 207 Neb. 544, 300 N.W.2d 19 (1980); *Johnson v. Nathan*, 161 Neb. 399, 73 N.W.2d 398 (1955).

Therefore, the order of the trial court in sustaining the plaintiff's motion for a new trial and vacating the judgment of dismissal is reversed, with directions to reinstate the verdict.

REVERSED WITH DIRECTIONS.