MICHELLE DELAWARE, A MINOR, BY AND THROUGH HER MOTHER AND NEXT FRIEND, MARY ANN DELAWARE, APPELLANT, V. PETER VALLS ET AL., APPELLEES.

409 N.W.2d 621

Filed July 31, 1987.   No. 85-931.

Stephen L. Gerdes of Schrempp, Hoagland, Gray, Gerdes & Salerno, for appellant.

James L. Quinlan and Amy S. Bones of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellees.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Plaintiff-appellant, Michelle Delaware, alleges she was injured when a dirt bike motorcycle on which she was a passenger collided within the intersection of Madison and 35th Streets in Omaha with an automobile driven by defendant-appellee Albert Allen, Jr. She claims that defendants-appellees Peter and Barbara Valls negligently failed to warn about the presence of, and negligently grew, maintained, and failed to trim, certain vegetation on the realty they own at the northwest corner of the intersection, and negligently parked a truck on Madison Street within 30 feet of the intersection, all contrary to ordinances of the city of Omaha, which negligence was a "direct, proximate and contributing cause" of her injuries and damages. Concluding that the Vallses' negligence furnished only a condition by which Delaware's injuries were made possible through the subsequent independent negligence alleged on the part of Allen and the actions of Francis James Diggins, the driver of the motorcycle, the trial court sustained the Vallses' motion for summary judgment and dismissed Delaware's petition as to them. Delaware assigns the ruling as error, urging that whether Diggins' negligence was a superseding cause and whether the vegetation and parked truck were proximate causes presented fact issues for a jury to resolve. We affirm.

Diggins was driving the motorcycle southward on 35th Street. He testified that he stopped for the stop sign, "walked up a little bit with the bike" into the intersection, looked in both directions, did not see any approaching vehicles, and "started across the intersection." He testified that when he looked to the west on Madison Street, his vision was hampered "to some

extent" by a parked vehicle and "a little bit" by hedges on the northwest corner of the intersection. He also said, however, that as he looked west on Madison Street, he could see to the top of a hill.

Allen testified that he was traveling east on Madison Street at approximately 25 miles per hour when the motorcycle "came from . . . no place." Allen also testified that there were tall hedges and a parked truck in front of the Valls property. According to Allen, Diggins did not obey the stop sign.

Delaware, however, testified that Diggins did stop for the stop sign. She also testified that both the hedges and the parked truck blocked her vision and that she did not see the Allen automobile until its bumper was right at her leg.

Various Omaha city ordinances prohibit parking a vehicle within 30 feet of an intersection, planting trees within 35 feet of an intersection, and maintaining shrubbery more than 2½ feet tall within the triangle formed by the adjacent curblines of two intersecting streets and the line joining points "distant forty (40) feet on each side line from their point of intersection," and require landowners to trim, prune, and spray trees abutting a street as "will remove any hazard to life or property." Omaha Mun. Code, ch. 36, art. VI, § 36-126; ch. 37, art. I, § 37-9; ch. 37, art. IV, § 37-72; and ch. 37, art. V, § 37-94 (1980).

Since at least 1923, when *Steenbock v. Omaha Country Club*, 110 Neb. 794, 195 N.W. 117, was decided, the rule in this jurisdiction has been that passive negligence which does nothing more than furnish a condition by which injuries are made possible through the subsequent independent negligence of another is not actionable. In *Steenbock* an employee of the Omaha Country Club had negligently placed a flagpole across a driveway. Subsequently, the pole was negligently struck by the car of the defendant Crofoot and knocked into the plaintiff. In denying recovery the court concluded that the placement of the pole and the subsequent negligent striking of it were not concurrent acts, and, thus, the condition created by the placement of the pole was not a proximate cause of the plaintiff's injury.

The foregoing rationale has been applied in a variety of situations; for example, *C.S. v. Sophir*, 220 Neb. 51, 368

N.W.2d 444 (1985) (failure to clear weeds a condition and not a proximate cause of criminal assault on tenant); *Childers v. LCW Apartments,* 214 Neb. 291, 333 N.W.2d 677 (1983) (inadequate lighting a condition and not a proximate cause of criminal assault on tenant); *Bringewatt v. Mueller,* 201 Neb. 736, 272 N.W.2d 37 (1978) (escape of horse due to disrepair of fence a condition and not a proximate cause of vehicle collision); *Connolley v. Omaha Public Power Dist.,* 185 Neb. 501, 177 N.W.2d 492 (1970) (trespass action in which existence of overhead electric line a condition and not proximate cause of injury when flagpole lifted into line); *Bruno v. Gunnison Contractors, Inc.,* 176 Neb. 462, 126 N.W.2d 477 (1964) (construction barricades placed so as to route traffic onto unobstructed portion of road a condition and not a proximate cause of accident); *Jarosh v. Van Meter,* 171 Neb. 61, 105 N.W.2d 531 (1960) (double-parked truck obscuring vision a condition and not proximate cause of collision with pedestrian); *Anderson v. Byrd,* 132 Neb. 588, 272 N.W. 572 (1937), *after rehearing* 133 Neb. 483, 275 N.W. 825 (dense, damp, and impenetrable cloud of smoke caused by previously wrecked railroad engines merely a condition; thus, defendant automobile driver not entitled to an instruction that accident was proximately caused by smoke which was created by one not involved in the collision nor named as a party).

However, the preceding situations involving passive preexisting negligence have been distinguished from those situations in which active preexisting negligence combines with subsequent independent acts of negligence to cause injury. In the latter situations the preexisting and subsequent negligence have been held to combine and become concurrent acts of negligence such that each may be a proximate cause of the resulting injury. For example, *K.S.R. v. Novak & Sons, Inc.,* 225 Neb. 498, 406 N.W.2d 636 (1987) (without discussing condition-cause distinction held that continuing failure to provide security after knowledge of known perpetrator's repeated criminal acts on premises raised jury question as to whether landlord should have foreseen criminal assault on tenant); *London v. Stewart,* 221 Neb. 265, 376 N.W.2d 553 (1985) (driving on wrong side of road up to time of collision a

proximate cause of collision, not a mere condition); *Brown v. Nebraska P.P. Dist.*, 209 Neb. 61, 306 N.W.2d 167 (1981) (smoke produced by burning of weeds at time of collision a proximate cause, not a condition); *Johnson v. Metropolitan Utilities Dist.*, 176 Neb. 276, 125 N.W.2d 708 (1964) (failure to warn of obstruction created by parking tractor so as to protrude into street constituted continuing negligence and thus proximate cause, not a condition).

Delaware invites us to abandon this historical distinction between cause and condition. In doing so, she calls our attention to the fact that the distinction has been criticized as meaningless, Smith, *Legal Cause in Actions of Tort*, 25 Harv. L. Rev. 103 (1911), providing no more guidance than calling something "blamable" or "not blamable," Bingham, *Some Suggestions Concerning "Legal Cause" at Common Law*, 9 Colum. L. Rev. 136 (1909), and as being "almost entirely discredited," Prosser and Keeton on the Law of Torts, *Proximate Cause: Scope of the Problem* § 42 at 278 (5th ed. 1984).

Delaware also urges that we abandon our traditional definition of "efficient intervening cause" and adopt the standard set forth in the Restatement (Second) of Torts § 447 (1965). We have defined an efficient intervening cause as a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury. *London v. Stewart, supra.* It is the intervening negligence of a third person who has full control of the situation and whose negligence is such as defendant was not bound to anticipate and could not be said to have contemplated, which later negligence results directly in injury to plaintiff. *Corbet, Inc. v. County of Pawnee*, 219 Neb. 622, 365 N.W.2d 437 (1985). The doctrine that an intervening act cuts off a tort-feasor's liability comes into play only when the intervening cause is not foreseeable. *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984). The Restatement, *supra* at 478, on the other hand, provides:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the

actor's negligent conduct is a substantial factor in bringing about, if

(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

Although there may be merit in the criticisms of the cause-condition distinction, we need not examine the validity of that distinction in this case, for we are not persuaded that any good reason exists for abandoning the traditional efficient intervening cause concepts. That being so, it matters not how the Vallses' conduct is characterized, for they were not bound to anticipate and cannot be said to have contemplated that Diggins would negligently attempt to traverse the intersection when he could not see what he needed to see in order to do so safely or that Allen would, as it is alleged, fail to see Diggins in time to avoid the collision. Thus, Diggins' negligence and that alleged on the part of Allen are efficient intervening causes.

As to the Vallses, there exists no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom, and they are entitled to judgment as a matter of law. Thus, the summary judgment dismissing Delaware's petition against them is correct. *Seagren v. Peterson,* 225 Neb. 747, 407 N.W.2d 790 (1987); *Smith v. Weaver,* 225 Neb. 569, 407 N.W.2d 174 (1987).

AFFIRMED.