BRIAN T. BUTORAC, ALSO KNOWN AS BRIAN T. MAGGART, THROUGH HIS MOTHER AND NEXT FRIEND, ROSE M. MAGGART, APPELLANT, V. DIXON COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, APPELLEE.

441 N.W.2d 620

Filed June 23, 1989.   No. 87-595.

David E. Vohs, of Bikakis, Vohs, Storm & Arneson, for appellant.

Larry E. Welch and Susan E. Fieber, of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and SPRAGUE and MULLEN, D. JJ.

SPRAGUE, D.J.

This is an action brought under the Political Subdivisions Tort Claims Act. The trial court, at the close of plaintiff's case and again at the conclusion of all the evidence, overruled defendant's motions to dismiss and took the case under advisement for several months. Subsequently, the court entered an order stating that "the motion of the Defendant, Dixon County, to dismiss Plaintiff's case should be and hereby is sustained and judgment is entered in favor of the Defendant, Dixon County . . . ." The record reveals that a full trial was had, and extensive evidence was presented by both parties.

If the order of the trial court is to be construed as acting on the motion to dismiss, then every controversial fact should have been resolved in favor of the plaintiff. If the order is construed as a judgment on the facts, and the wording of the order was a technical error, then the verdict will not be set aside unless it is clearly erroneous.

It is well established that where a party has sustained the burden and expense of trial and has succeeded in securing a judgment on the facts in issue, he has the right to keep the benefit of that judgment unless there is prejudicial error in the proceedings by which it was secured. *Bodzek v. Callahan*, 211 Neb. 600, 319 N.W.2d 721 (1982). The plaintiff has failed to show prejudicial error. Therefore, we choose to give the order the effect of a judgment on the merits.

The intersection where the accident occurred was a blind T intersection. At the time of the accident, the plaintiff, Brian T. Butorac, was on his motorcycle, traveling west on the east-west road. According to Butorac's testimony, he was on his right side of the road (the westbound lane). Jim Maxey was the operator of the automobile which collided with Butorac. Maxey traveled south into the intersection and, as he turned east, crossed over the center of the roadway, into the plaintiff's lane of travel. Both of the parties to the accident were familiar with the intersection, and they had traveled over it repeatedly for a long period of time.

The intersection was regarded as potentially dangerous because it was banked and the view of operators entering it was obstructed by an elevation on the northeast side. There was no

traffic control or warning sign upon entering the intersection from either the east or the north. Testimony that the failure to place a sign at the intersection violated generally accepted civil engineering practices was unrefuted.

If we assume, as plaintiff contends, that the county failed to use due care in maintaining or signing the road, the question of the proximate cause of the accident must still be addressed. The record clearly supports the conclusion of the trial court that the proximate cause of the accident was the negligence of Maxey in operating his vehicle in the wrong lane of travel. His actions constitute an efficient intervening cause.

In *Looney v. Pickering, ante* p. 32, 439 N.W.2d 467 (1989), the court stated that an efficient intervening cause is a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and injury. The doctrine that an intervening act cuts off a tort-feasor's liability comes into play only when the intervening cause is not foreseeable.

The plaintiff contends that because of the physical makeup of the intersection, the negligence of Maxey was foreseeable. We disagree. The evidence shows that Maxey was in the plaintiff's lane of travel some distance prior to the intersection and did not follow the rules of the road. The county had no duty to foresee that Maxey, who was very familiar with the condition of the road, would operate his vehicle in such an unsafe manner.

A county has no duty to anticipate or foresee every negligent operation of a motor vehicle.

The question of whether the action of Maxey was foreseeable by the defendant is a question of fact that was determined by the trial court. The record supports such determination.

AFFIRMED.