D. D. LEMKE AND FRIEDA LEMKE, APPELLEES, V. NORTHWESTERN PUBLIC SERVICE COMPANY, A FOREIGN CORPORATION, APPELLANT.
444 N.W.2d 326

Filed August 18, 1989.    No. 87-903.

John A. Wolf, of Shamberg & Wolf, for appellant.

Stephen L. Ahl, of Wolfe, Anderson & Beverage, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

In this appeal from a bench-tried negligence action, defendant-appellant, Northwestern Public Service Company, assigns error to the district court's order granting plaintiffs-appellees, D.D. Lemke and his wife, Frieda Lemke, a new trial. We reverse.

The Lemkes owned an apartment building at Grand Island, Nebraska, to which Northwestern supplied natural gas. The building sustained fire damage, which the Grand Island deputy fire chief attributed to a natural gas explosion. In his opinion, the regulator attached to the rear of the building, which abutted a sidewalk adjacent to a parking lot, had been damaged, and, as a result, gas was permitted to flow into the building at an excessive pressure, thereby causing various pilot lights to become extinguished and gas to accumulate in the structure until it was ignited by some source. No barricades or other equipment protected the regulator.

The district court received in evidence a Grand Island ordinance which required that when "exposed to probable vehicular damage due to proximity to alleys, driveways or parking areas, aboveground gas . . . regulators . . . shall be suitably protected." The district court also received in evidence §§ 192.351, 192.353(a), and 192.357(a) of subpart H of part 192 of the U.S. Department of Transportation Pipeline Safety

Regulations, adopted pursuant to 49 U.S.C. §§ 1671 et seq. (1982), and 49 C.F.R. § 1.53 (1988), which mandate that regulators be "protected from corrosion and other damage." In addition, the district court received in evidence § 2.7.2(b) of National Fire Protection Association Pamphlet No. 54, adopted by the Nebraska State Fire Marshal pursuant to Neb. Rev. Stat. § 81-502 (Reissue 1987), which related to the location and protection of gas meters.

The district court sustained Northwestern's objection to a report apparently prepared by one or more members of the State Fire Marshal's office on the ground that the report contained hearsay. This state report recites that it encloses the report of one Jay Determan, an employee of Northwestern. No such document is in fact a part of the state report. A document purporting to be signed by Determan is, however, attached to the Grand Island deputy fire chief's report. A part of that report was received by the district court with the following words: "The Court is receiving that aspect from the report that the [deputy] fire chief testified to and nothing else." Thus, the Determan document is not part of the evidence. That document states that the regulator shown Determan by Grand Island's deputy fire chief "appeared to have been hit by a vehicle."

At the close of the Lemkes' evidence, Northwestern moved for dismissal of the action. After the district court took that motion under advisement, Northwestern rested without adducing any evidence and renewed its motion for dismissal. The court again took the matter under advisement and, in due course, sustained Northwestern's motion to dismiss "at the conclusion of the [Lemkes'] case in chief." In its memorandum, the district court, in sum, reasoned that while the Lemkes proved Northwestern negligently failed to protect the regulator, they failed to prove that such negligence was the proximate cause of the fire.

Northwestern correctly maintains that where, as here, a district court grants a new trial without stating its reasons, an appellant fulfills its burden to attack that ruling by submitting the record to the Supreme Court with the contention that there is no prejudicial error; the burden then shifts to the appellee to identify any prejudicial error in the record which justified the

granting of a new trial. *Belitz v. Suhr*, 208 Neb. 280, 303 N.W.2d 284 (1981). While it is true that a motion for new trial is addressed to the discretion of the trial court and that absent an abuse of that discretion the trial court's ruling will be upheld on appeal, it is also true that a motion for new trial is to be granted only where there is error prejudicial to the rights of the unsuccessful party. *Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 436 N.W.2d 151 (1989). This is so because a party who has sustained the burden and expense of trial and has succeeded in obtaining judgment has the right to keep the benefit of that judgment. *Id.*

The Lemkes assert that the district court's failure to receive the report containing the Determan document constituted prejudicial error such as to justify the grant of a new trial. They claim the questioned report was admissible because at a pretrial conference Northwestern had waived any objection to its receipt. Since the Determan document is attached to the Grand Island deputy fire chief's report, the question becomes what the record shows as to the waiver of objections to the receipt of that report. The bill of exceptions reflects that the district court accepted the statement of Northwestern's counsel that he had not seen the report and thus concluded that the admissibility of the report "wasn't agreed upon" at the pretrial conference. The Lemkes establish no other basis on which the report containing the Determan document should have been received. Thus, the portion of the deputy fire chief's report containing the Determan document was properly excluded from the evidence.

However, that determination does not end our inquiry, for the district court resolved the case by sustaining Northwestern's motion to dismiss made at the close of the Lemkes' evidence. It is important not to confuse the function of a district court in ruling on a motion to dismiss with its function as the finder of fact in adjudicating the controversy in an action at law tried without a jury. In sustaining a motion to dismiss, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. In considering the evidence for the purpose of such a motion, the party against whom a motion is made is entitled to have every controverted fact resolved in its favor and to have

the benefit of every inference which can be reasonably drawn from the evidence; if there is any evidence in favor of the party against whom the motion is made, the case may not be decided as a matter of law. *Looney v. Pickering*, 232 Neb. 32, 439 N.W.2d 467 (1989); *Herman v. Bonanza Bldgs., Inc.*, 223 Neb. 474, 390 N.W.2d 536 (1986).

We recognize that in *Butorac v. Dixon County*, 232 Neb. 598, 441 N.W.2d 620 (1989), because the trial court as the trier of fact had the benefit of all the evidence, we treated the sustainment of a motion to dismiss as a disposition on the facts. However, the tenor of the district court's memorandum in this case does not permit us to conclude that it resolved the case on a basis other than one of law. Thus, the question becomes whether the record presented the district court with an issue of fact.

The proximity of the regulator to a parking lot does not in and of itself, as the Lemkes suggest, support a factual inference that the damage was caused by a motor vehicle and that, thus, violation of the Grand Island ordinance was necessarily the proximate cause of the explosion and resultant fire. Whatever may be the applicability of the state pamphlet or the import of the federal regulations, their provisions cannot be read so broadly as to make Northwestern an insurer that its regulator will never sustain damage from any source. Thus, under the circumstances of this case, the Lemkes' failure to establish the cause of the regulator damage results in a failure to prove a prima facie case.

Accordingly, Northwestern's motion to dismiss at the close of the Lemkes' evidence was properly sustained. It therefore follows that the district court abused its discretion in granting a new trial.

REVERSED.