BERNADETTE M. KOZICKI, APPELLANT,
V. JAMES P. DRAGON, APPELLEE.
583 N.W. 2d 336
Filed August 21, 1998.    No. S-97-393.

David J. Cullan, of David J. Cullan & Associates, for appellant.

Christopher J. Tjaden, of Gross & Welch, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

This is a negligence claim for personal injuries arising out of an automobile accident. Appellant, Bernadette M. Kozicki, was injured when a stolen car owned by appellee, James P. Dragon, ran a stop sign and collided with her vehicle. The district court concluded that Dragon's acts or omissions did not proximately cause injury to Kozicki as a matter of law and granted Dragon's motion for summary judgment. Kozicki appealed, and we granted her motion to bypass the Nebraska Court of Appeals. Because a factual issue exists concerning proximate cause, we reverse, and remand for further proceedings.

## BACKGROUND

At approximately 5:45 a.m. on March 29, 1995, in Omaha, Nebraska, Dragon left his car unlocked and running while he went back inside his home to get ready for work. While Dragon was in the house, his car was stolen by 15-year-old Jamie L. Jacobsen. Later that morning, Dragon's vehicle was involved in an automobile accident when Jacobsen ran a stop sign and collided with Kozicki's vehicle.

Kozicki subsequently brought this action, alleging that Dragon was negligent in (1) leaving his automobile running, unlocked, unattended, and out of his view on the street in front of his house in a high-crime area; (2) leaving an unattended vehicle on the roadway, unlocked and with the keys in the ignition, in violation of Neb. Rev. Stat. § 60-6,168 (Reissue 1993); and (3) failing to take any measure to prevent theft of his automobile when he knew or should have known that there was an unreasonable risk that the automobile would be stolen and driven in such manner as to cause injury or damage to the person and/or property of innocent parties such as Kozicki.

In his answer, Dragon alleged that the sole cause of the accident was the negligence of others not subject to his control and that the theft and/or involvement of his stolen vehicle in an accident was not reasonably foreseeable. Dragon then filed a motion for summary judgment.

The depositions of Jacobsen and Dragon show that Dragon left his car running, unattended, and unlocked. It was dark outside at the time. Jacobsen testified that four or five of the cars she had previously stolen ended up being wrecked, and the accident at issue occurred within several hours of the theft. Dragon has previously had both a bicycle and a car stolen from the same location.

The record also contains the affidavit of L. Kenneth Polikov, chief deputy and counsel for the Sarpy County Sheriff's Department. Polikov's affidavit states that (1) the area in which Dragon's car was stolen is considered a high-crime area; (2) experience has shown that car thieves are not responsible drivers; (3) leaving the car running, unattended, unlocked, out of view, and parked in front of a house in a higher risk crime area during the predawn hours on the day of the theft increased the risk of the car's being stolen; and (4) a stolen car operated on the public streets of Omaha is at an increased risk of motor vehicle collision, especially when it is being operated by a juvenile. Polikov's affidavit further describes public education efforts in the Omaha area regarding the dangers of leaving vehicles unattended while running and describes increased public awareness of this issue. An exhibit entitled "Crime in Nebraska" is attached to the affidavit and states that juveniles accounted for 53 percent of all arrests for motor vehicle theft.

The district court granted Dragon's motion for summary judgment and dismissed Kozicki's petition with prejudice, concluding that Dragon's acts or omissions did not proximately cause injury to Kozicki as a matter of law. In making this determination, the district court reached the conclusion that proximate cause was lacking. However, the district court also discussed the issue of duty without drawing a distinction between foreseeability as it applies to duty and foreseeability as it applies to proximate cause. Thus, while the district court made its determination based on the issue of proximate cause, the district court also stated that "car owners do not owe an affirmative duty to protect the public from the negligence of thieves." Kozicki filed a motion for new trial, which was subsequently denied, and she appealed.

## ASSIGNMENTS OF ERROR

Kozicki assigns as error, summarized and restated, the district court's finding that the theft of an automobile relieves the owner of all potential liability for the injury or damage caused by the car thief's negligent operation of the stolen car when the owner of the automobile left it running, unlocked, and unattended on a public street in a high-crime area.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Chelberg v. Guitars & Cadillacs*, 253 Neb. 830, 572 N.W.2d 356 (1998); *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Bargmann v. Soll Oil Co.*, 253 Neb. 1018, 574 N.W.2d 478 (1998); *Ploen v. Union Ins. Co.*, 253 Neb. 867, 573 N.W.2d 436 (1998); *Chelberg v. Guitars & Cadillacs, supra*.

## ANALYSIS

The district court did not make a distinction between the application of foreseeability to determining duty and the role foreseeability plays in determining proximate cause. However, duty and proximate cause are two separate issues. See *Hill v. Yaskin*, 75 N.J. 139, 380 A.2d 1107 (1977) (distinction between foreseeability as it applies to duty and as it applies to proximate cause is critical distinction that is too often and too easily overlooked).

This court has established a clear rule concerning the existence of a duty when a key is left in the ignition of an unlocked and unattended vehicle: A defendant owes the plaintiff a duty when there is an applicable statute or ordinance. *Flannery v. Sample Hart Motor Co.*, 194 Neb. 244, 231 N.W.2d 339 (1975); *Hersh v. Miller*, 169 Neb. 517, 99 N.W.2d 878 (1959).

In *Hersh, supra,* the defendant's unlocked and unattended vehicle was stolen by a 12-year-old who then collided with and damaged the plaintiff's vehicle. The defendant's actions were in violation of a city ordinance that was, in part, "intended to protect the users of the public streets and highways at large." 169 Neb. at 520, 99 N.W.2d at 881. This court stated that " '[t]he violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is sufficient to prove such a *breach of duty* as will sustain a private action for negligence, if the other elements of actionable negligence concur . . . .' " (Emphasis supplied.) *Id.,* quoting *Stark v. Turner,* 154 Neb. 268, 47 N.W.2d 569 (1951). Thus, in *Hersh,* we recognized that a defendant owes a duty to "the users of the public streets and highways at large," 169 Neb. at 520, 99 N.W.2d at 881, not to leave his automobile unlocked, unattended, and with the key in the ignition when there is an applicable statute or ordinance prohibiting such conduct.

In *Flannery, supra,* another case involving a key left in the ignition, we determined that an ordinance was not applicable to the defendant under the circumstances presented and analyzed whether the defendant's failure to remove the key "may still" amount to negligence, or, in other words, whether this court would nonetheless impose a duty. 194 Neb. at 247, 231 N.W.2d at 342. We concluded that "[i]n the *absence of applicable statutes or ordinances,* the failure of a person having charge of a motor vehicle to remove the ignition key does not constitute a negligent omission or the breach of a duty owed to a third person . . . ." (Emphasis supplied.) *Id.* at 248, 231 N.W.2d at 342.

In the instant case, the district court correctly concluded that Dragon's conduct violated § 60-6,168, which prohibits any person having control or charge of a vehicle from allowing such vehicle to "stand unattended on a highway without first stopping the motor of such vehicle, locking the ignition, removing the key from the ignition, and effectively setting the brakes thereon . . . ." Thus, because the instant case involves the violation of a statute, under *Flannery* and *Hersh,* there is no question that Dragon owed Kozicki a duty.

As we have determined that Dragon owed a duty to Kozicki, the issue is whether the evidence presented to the district court,

construed most favorably to Kozicki and giving Kozicki the benefit of all reasonable inferences therefrom, was sufficient to create an issue of material fact as to whether Dragon's negligence was the proximate cause of Kozicki's injury. A defendant's negligence is not actionable unless it is a proximate cause of the plaintiff's injuries or is a cause that proximately contributed to them. *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997).

There are three basic requirements that must be met to establish causation: (1) that "but for" the defendant's negligence, the injury would not have occurred; (2) that the injury is the natural and probable result of the negligence; and (3) that there is no efficient intervening cause. *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996). Determination of causation is ordinarily a matter for the trier of fact. *Id.*

An efficient intervening cause is a new, independent force intervening between the defendant's negligent act and the plaintiff's injury by the negligence of a third person who had full control of the situation, whose negligence the defendant could not anticipate or contemplate, and whose negligence resulted directly in the plaintiff's injury. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 248 Neb. 651, 538 N.W.2d 732 (1995). Thus, an intervening act that is reasonably foreseeable by the defendant does not preclude the defendant's liability. See *Gans v. Parkview Plaza Partnership*, 253 Neb. 373, 571 N.W.2d 261 (1997). The question whether the negligence of a third person constitutes an intervening cause is a question of fact. *Stodola v. Grunwald Mechanical Contractors*, 228 Neb. 301, 422 N.W.2d 341 (1988).

In *Hersh v. Miller*, 169 Neb. 517, 99 N.W.2d 878 (1959), the petition at issue did not state facts sufficient to support a finding of proximate cause because there was nothing to indicate that the defendant anticipated the thief's negligence. This court addressed the issue of proximate cause and concluded that " '[u]nder the facts as related* in this case . . . there was an intervening cause which broke the sequence of the defendant's alleged negligence . . . .' " (Emphasis supplied.) *Id.* at 522, 99 N.W.2d at 882. The appeal in *Hersh* was premised on the dismissal of the plaintiff's petition due to the defendant's demur-

rer. A defendant may demur to a petition when it appears on its face that the petition does not state facts sufficient to constitute a cause of action. Neb. Rev. Stat. § 25-806 (Reissue 1995). Because the holding in *Hersh* was premised on the facts as related in the petition, it cannot be read to mean that any thief in a like situation is the intervening cause of a subsequent collision. Rather, *Hersh* stands for the proposition that when nothing more than theft and injury is alleged in a petition involving an unattended and unlocked vehicle, the petition fails to state facts sufficient to support a finding of proximate cause and, thus, it fails to state a cause of action.

In *Gerken v. Hawkins Constr. Co.*, 243 Neb. 157, 498 N.W.2d 97 (1993), a key was left in a bulldozer in a residential area occupied by many low-income families with children. In addition, the site where the bulldozer was left had previously been vandalized. The bulldozer was subsequently started by an unknown party and hit a house. However, the petition did not allege that it was children who stole the bulldozer or that the resulting negligence of the thief was foreseeable. This court sustained the demurrer of the defendant on the basis that the act of the unknown third party constituted an intervening cause. Thus, while the theft in *Gerken* was an intervening cause under the facts of that case, *Gerken* does not stand for the proposition that a theft is always an intervening cause.

In the instant case, the plaintiff alleged in her petition that the "[d]efendant knew, or reasonably should have foreseen, that if his automobile was stolen . . . it would be operated in a negligent, careless, or reckless manner." Polikov's affidavit clearly states, "[E]xperience has shown that car thieves are not 'responsible' drivers." The affidavit also described public education efforts and stated that "widespread media attention and public education efforts of law enforcement agencies and others have increased public awareness of . . . the stolen vehicle being wrecked" and that "a stolen car operated on the public streets in Omaha, Nebraska, is at an increased risk of motor vehicle collision especially when it is being operated by a juvenile driver or if it should become involved in a police chase." Moreover, data attached to the affidavit indicated that juveniles account for 53 percent of all arrests for motor vehicle theft, and Jacobsen

described how she had wrecked several of the cars that she had previously stolen.

On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998). Giving all favorable inferences to Kozicki, we determine that the above facts create a genuine issue of material fact as to whether Dragon did or reasonably should have foreseen that thieves are more negligent at the wheel than are ordinary citizens. This a question of fact for the jury. Because a factual issue exists concerning proximate cause, summary judgment was inappropriate. We reverse, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.