RONALD GERLACH, PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTIAN GERLACH, JR., APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

623 N.W.2d 1

Filed December 19, 2000.    No. A-99-1343.

Douglas J. Peterson, of Knudsen, Berkheimer, Richardson & Endacott, for appellant.

Don Stenberg, Attorney General, and Matthew F. Gaffey for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

INBODY, Judge.

### INTRODUCTION

The instant case involves an action filed by Ronald Gerlach, the personal representative of the estate of Christian Gerlach, Jr. (the decedent), alleging negligence by the State of Nebraska relating to an automobile accident in which the decedent was fatally injured. The Lancaster County District Court granted summary judgment in favor of the State of Nebraska and dismissed Gerlach's petition. Gerlach appeals.

### STATEMENT OF FACTS

On the morning of May 6, 1997, a Ruan Transport Corporation (Ruan Transport) tractor-trailer being driven by Allen Lambing was traveling westbound on Interstate 80. As Lambing approached the Greenwood interchange, due to construction being performed on I-80, he was directed by signs channeling the traffic into one lane, signal devices, and a Nebraska state trooper, to detour off I-80 and proceed northbound on U.S. Highway 63. He then entered U.S. Highway 6, a

four-lane highway, and began heading west. Lambing continued westbound on Highway 6 until he approached the Waverly interchange, where there was an intersection with the exit ramp and on ramp of westbound I-80.

Traffic at this intersection is controlled from all directions by signal lights. Left turns from the westbound turn lane across the eastbound lanes are permitted when the traffic signal displays either a green arrow indication or a "green ball" indication to westbound traffic. Left turns made pursuant to the green ball indication are "unguarded," meaning that the turning vehicle must yield the right-of-way to any oncoming eastbound traffic.

The unguarded left-turn sequence is a normal part of the traffic signal phasing at this particular intersection. At this intersection, the left-turn green arrow will not be indicated unless the signal is triggered by traffic on the exit ramp. If there is no traffic on the exit ramp, the signal will rest in a green ball indication for eastbound and westbound traffic. On this day, the off ramp was closed, and the traffic signal continued a solid green ball signal for both eastbound and westbound Highway 6 traffic.

At the same time that Lambing was heading westbound on Highway 6 approaching the Waverly intersection, the decedent was driving a pickup truck traveling east in the outside lane of Highway 6 approaching the same intersection. As the decedent was proceeding straight through the intersection, Lambing executed a left turn at the intersection directly across the eastbound lanes into the decedent's path of travel resulting in a collision between the vehicles.

The evidence reflects that Lambing did not see the decedent's vehicle approaching the intersection, that he did not apply his brakes, and that he only became aware that an accident had occurred when he felt the impact of the decedent's vehicle when it hit the side of his tractor-trailer. The decedent died of injuries sustained as a result of the collision.

On March 19, 1998, Gerlach, as personal representative of the decedent's estate, filed a wrongful death action against Ruan Transport and the State of Nebraska. With regard to the State, Gerlach alleged negligence on the part of the State in failing to safely regulate vehicular traffic, failing to provide an adequate traffic control system, failing to provide or program an auto-

matic signal device, failing to adjust the traffic control device or utilize other signing techniques, and failing to warn motorists approaching the intersection. Ruan Transport was dismissed as a defendant pursuant to the parties' stipulation, is not a party to this appeal, and will not be discussed further except as necessary to resolve the questions presented by this appeal.

The State filed an answer affirmatively alleging that the decedent was negligent in driving his vehicle too fast for conditions, failing to keep his vehicle under control, failing to keep a proper lookout, and failing to stop or otherwise turn aside from a vehicle entering his path of travel. In the alternative, the State alleged that any amount awarded as damages must be reduced by an amount proportional to the decedent's negligence. Finally, the State alleged that the acts or omissions ascribed to the State in Gerlach's petition constituted activities for which the State has specifically declined to waive its immunity.

On May 4, 1999, the State filed a motion for summary judgment. The hearing on the State's motion for summary judgment was held on July 6. The only evidence offered at the summary judgment hearing consisted of 10 depositions. On October 21, the court entered an order sustaining the State's motion for summary judgment and specifically finding:

> In the present case, it is undisputed by the parties that Mr. Lambing must have turned in violation of the traffic signal at the intersection of Highway 6 and the westbound on-ramp of I-80. No other inference is possible, even when drawn in the light most favorable to the plaintiff, if plaintiff's decedent had a green light and the traffic signal was operating correctly, facts which are not disputed by either party. If Mr. Lambing turned left onto oncoming eastbound traffic on Highway 6, even though he did not have a green arrow at the time, then this negligent act caused the collision between plaintiff's decedent and Mr. Lambing. Mr. Lambing's act in turning against the light constituted a new and independent force which intervened between the defendant's assumed negligence and the plaintiff's [decedent's] injury, was exercised by a person who had full control of his vehicle, whose negligence in failing to obey a traffic signal could not reasonably have been anticipated

by the defendant, and whose negligence resulted directly in plaintiff's [decedent's] injury. Therefore, Mr. Lambing's actions constitute an efficient intervening cause which broke the causal chain of the defendant's assumed negligence and became the proximate cause of the plaintiff's [decedent's] injury.

Gerlach has timely appealed to this court.

## ASSIGNMENT OF ERROR

Gerlach's sole assigned error on appeal is that the district court erred in granting the State's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Olsen v. Farm Bureau Ins. Co.*, 259 Neb. 329, 609 N.W.2d 664 (2000); *Fossett v. Board of Regents*, 258 Neb. 703, 605 N.W.2d 465 (2000); *Derr v. Columbus Convention Ctr.*, 258 Neb. 537, 604 N.W.2d 414 (2000).

■ In reviewing an order of summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Olsen v. Farm Bureau Ins. Co., supra; Fossett v. Board of Regents, supra; Derr v. Columbus Convention Ctr., supra.*

## ANALYSIS

Gerlach's sole assigned error on appeal is that the district court erred in granting summary judgment in favor of the State. Specifically, he contends that contrary to the district court's determination, the facts of the case and the inferences drawn therefrom provide evidence that Lambing's actions were not an efficient intervening cause, because an accident of the type that occurred and resulted in the decedent's injuries was "contemplated, anticipated, and/or foreseeable by the State." Brief for appellant at 18.

In order to maintain a negligence action, a plaintiff must prove duty, breach, proximate cause, and damages. *Divis v. Clarklift of Nebraska*, 256 Neb. 384, 590 N.W.2d 696 (1999). A proximate cause is that which, in a natural and continuous sequence, without any efficient intervening cause, produces the injury, and without which the injury would not have occurred. *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996); *Steuben v. City of Lincoln*, 249 Neb. 270, 543 N.W.2d 161 (1996).

An efficient intervening cause is a new, independent force intervening between the defendant's negligent act and the plaintiff's injury by the negligence of a third person who had full control of the situation, whose negligence the defendant could not anticipate or contemplate, and whose negligence resulted directly in the plaintiff's injury. *Kozicki v. Dragon*, 255 Neb. 248, 583 N.W.2d 336 (1998). If, conversely, the third party's negligence is reasonably foreseeable, then the third party's negligence is not an efficient intervening cause as a matter of law. *Maresh v. State*, 241 Neb. 496, 489 N.W.2d 298 (1992). See, also, *Kozicki v. Dragon, supra* (intervening act that is reasonably foreseeable by defendant does not preclude defendant's liability). However, if a defendant's conduct constitutes merely passive negligence, which creates a condition which facilitates injury through subsequent third-party negligence, the third-party negligence is an efficient intervening cause. *Maresh v. State, supra*; *Delaware v. Valls*, 226 Neb. 140, 409 N.W.2d 621 (1987). The question whether the negligence of a third person constitutes an intervening cause is a question of fact. *Kozicki v. Dragon, supra.*

In the instant case, there is no dispute regarding the actions of Ruan Transport's employee, Lambing, of the decedent's actions, and the status of the traffic signal lights. Further, although Lambing's deposition testimony reflects that there was a green arrow signaling his left turn and that he proceeded to follow the cars in front of him through the intersection, all of the parties agree that because there was no traffic exiting I-80 at this interchange, it was impossible that a left-turn green arrow was displayed. Thus, there is no genuine issue of material fact, and the sole issue is whether Lambing's actions in turning left while an

"unguarded" green ball indication was displayed and crossing the lanes of the oncoming eastbound traffic on Highway 6 constituted an efficient intervening cause.

The Nebraska Supreme Court case, *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988), was the primary case relied upon by the district court in reaching its decision and is discussed extensively by both parties in their briefs.

In *Zeller*, the plaintiff and her husband, the decedent and the driver, were involved in an automobile accident on a county road. The accident occurred at an intersection where the driver's view was blocked by a knoll and a stop sign at which the driver would have been obligated to stop had been knocked down. The plaintiff and the driver were struck while in the intersection by a car which came from behind the knoll. The plaintiff filed suit against the county, alleging negligence in the county's failure to inspect traffic controls for the intersection prior to the accident and for failure to replace and maintain the stop sign after notification that the sign was down. Following a trial, the court entered judgment in favor of the county. The plaintiff appealed to the Nebraska Supreme Court.

On appeal, the Nebraska Supreme Court denied recovery because the driver, had he been exercising due care, could have entered the intersection with appropriate caution because of the knoll, regardless of the presence or absence of the stop sign. Thus, the Supreme Court held that the driver's negligence was unforeseeable and that recovery against the State was barred.

Likewise, in *Butorac v. Dixon County*, 232 Neb. 598, 441 N.W.2d 620 (1989), the Nebraska Supreme Court reviewed a claim arising from an accident that occurred at a blind T-intersection. The plaintiff was operating a motorcycle within the westbound lane of the county road. The driver of another vehicle entered the county road at the T-intersection and, as he turned east, crossed over the center of the roadway into the plaintiff's lane of travel and collided with the plaintiff's vehicle. The evidence at trial established, and the Supreme Court assumed for the purposes of its decision, that Dixon County was negligent for failing to place traffic control or warning signs at the intersection. However, the court determined that Dixon County was not liable for the plaintiff's injuries because the

other driver's negligence was an efficient intervening cause. In examining the foreseeability of the other driver's negligence, the court stated:

> The evidence shows that [the other driver] was in the plaintiff's lane of travel some distance prior to the intersection and did not follow the rules of the road. The county had no duty to foresee that [the other driver], who was very familiar with the condition of the road, would operate his vehicle in such an unsafe manner.
>
> A county has no duty to anticipate or foresee every negligent operation of a motor vehicle.

*Id.* at 600, 441 N.W.2d at 622.

Although both *Zeller v. County of Howard, supra,* and *Butorac v. Dixon County, supra,* involved cases that were appealed following trials, *Delaware v. Valls,* 226 Neb. 140, 409 N.W.2d 621 (1987), involved the granting of a summary judgment. *Delaware v. Valls, supra,* involved a motorcycle passenger's claim for injuries as the result of an intersectional collision between the motorcycle and an automobile. In *Delaware,* as the motorcyclist prepared to enter the intersection, his view of the intersection was hampered or obstructed by hedges adjacent to the intersection. When the motorcycle pulled into the intersection, it was struck by an automobile. The plaintiff sued the automobile's driver and the landowners on whose property the obstructive hedge was located. The trial court granted summary judgment in favor of the landowners, concluding that the landowner's negligence furnished only a condition by which the plaintiff's injuries were made possible through the subsequent independent negligence of the automobile driver and the motorcycle driver. The plaintiff appealed to the Nebraska Supreme Court, assigning as error, inter alia, whether the visual obstruction created by the hedges was a proximate cause of the accident presented fact issues for a jury to resolve. The Nebraska Supreme Court affirmed the district court's granting of summary judgment in favor of the landowners, stating:

> [I]t matters not how the [landowners'] conduct is characterized, for they were not bound to anticipate and cannot be said to have contemplated that [the motorcycle driver] would negligently attempt to traverse the intersection when

he could not see what he needed to see in order to do so safely or that [the automobile driver] would, as it is alleged, fail to see [the motorcycle driver] in time to avoid the collision.

*Id.* at 145, 409 N.W.2d at 624. Thus, the Supreme Court concluded that the motorcycle driver's negligence and the alleged negligence on the part of the automobile driver were efficient intervening causes.

Likewise, in the instant case, the State was not bound to anticipate and cannot be said to have contemplated that a driver would negligently attempt to navigate a left-hand turn across oncoming traffic without yielding or that the driver, in the course of attempting said left-hand turn, would fail to see an oncoming vehicle in time to avoid a collision. Therefore, there are no factual issues regarding the proximate cause of the accident for a finder of fact to resolve.

## CONCLUSION

In sum, after reviewing the evidence in the light most favorable to Gerlach and giving Gerlach the benefit of all reasonable inferences deducible from the evidence, there exists no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom, and the State is entitled to judgment as a matter of law. Thus, the district court did not err in granting summary judgment in favor of the State, and the order of the district court is affirmed.

AFFIRMED.