404 So.2d 1348 (1981)
Irvin B. BATISTE
v.
BOH BROTHERS CONSTRUCTION COMPANY, INC.
No. 12449.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1981.
*1349 William L. Von Hoene, New Orleans, for plaintiff-appellee.
John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and KLEES, JJ.
SCHOTT, Judge.
Defendant has appealed from a judgment awarding plaintiff $687.32 for damages to his automobile by an unattended run-away bulldozer owned by defendant. The only issue is whether the defendant is liable for the damage done by its machine after some boys started it and jumped off leaving it running.
Plaintiff did not see the incident but discovered the bulldozer against his car when he returned home. One witness testified that she saw some young boys playing on the bulldozer "and the next thing I seen was the machine running," and the boys jumped off. The unattended machine ran into plaintiff's automobile and was ultimately stopped by a neighbor. Another witness testified that she saw the bulldozer near plaintiff's car and the neighbor jump on the machine to stop it. She also testified that two or three weeks before this incident a similar incident had occurred when "kids" started one up. She "could not say it was the same bulldozer but it was in the same area."
Defendant produced one of its employees who was called to the site after the incident occurred. Upon checking the machine he found "where they had hot wired the master disconnect switch; they had wrapped copper wire around it to make the connection.... they had also torn off the dashboard panel where the starter switch was. They had to pry it off with a crowbar or something. They had to hot wire it." He further explained that the dash board housing the switch had to be pried open because it was held with hooks underneath the dash board with a lock which was still in place after the incident and because the dash board was a steel panel, something like a crowbar had to be used. However, on cross examination this witness testified that the regular bulldozer driver assigned to this *1350 machine was still employed by the company, and the following questions and answers were elicited:
"Question. You had also told me that you had asked him if he had hot wired it to see if he had lost his key.
Answer. That is correct.
Question. So, to your knowledge it could have easily have been hot wired by Mr. Secenalli on the jobsite?
Answer. That is correct."
This witness also acknowledged that they had problems with vandalism of their machines but not starting the machine up as in this case.
The trial judge made the statement from the bench at the conclusion of the trial that "it was some kids who fiddled with the bulldozer and caused it to start" and that defendant was liable under the doctrine of attractive nuisance.
We affirm the judgment of the trial court but not for the reasons he expressed. The attractive nuisance doctrine is applicable in favor of a young plaintiff who suffers damages and who is not barred by contributory negligence or assumption of the risk considering his tender age and/or his inability to understand and avoid a danger. Richards v. Marlow, 347 So.2d 281 (La.App. 2nd Cir. 1977). In order to apply the doctrine there must be evidence concerning the child's age and understanding. Even if the doctrine were applicable in the instant case there is no evidence to show the ages or the intelligence and understanding of the boys who started the machine.
This case must be considered in the light of the Supreme Court's application of C.C. Art. 2317 in Loescher v. Parr, 324 So.2d 441 (La.1975) and its progeny, including Arceneaux v. Domingue, 365 So.2d 1330 (La. 1979). Defendant as custodian of the bulldozer would be responsible for the damage to plaintiff's car unless it could prove that the harm was caused by the fault of the victim, the fault of a third person, or an irresistable force. The question is whether defendant carried its burden of proof in this case.
There was an inference that defendant's own employee had allowed the bulldozer to be in a condition where it could be started, and there was testimony that a similar incident had happened previously. Defendant did not produce the bulldozer driver who last used the machine in its behalf even though that driver was still employed by the company.
Defendant relies on Tabary v. New Orleans Public Service, Inc., 142 So. 800 (La. App.Orl.1932) but that case is distinguishable. The court held that it is not the duty of the owner of a tractor to make it impossible for anyone to tamper with it but "it is only the naturally to be expected acts and results against which he must guard, and it is not to be expected that a person old and large enough to be successful in his efforts to start such a machine will be so meddlesome as to attempt to do so." In the instant case there was evidence of a previous similar incident and on inference that the machine was started with relative ease. Considering the greater danger involved in leaving a machine such as this in a situation where it could be started and cause damage, we conclude that defendant did not carry its burden of proof to show that the damage to plaintiff's property was the fault of a third party such as to relieve it of responsibility.
Finally, defendants rely on the principle that leaving the ignition keys in an unattended automobile does not of itself constitute negligence on the part of the owner, such as to make the owner liable for damage to plaintiff resulting from the negligence of a third party who uses the vehicle, most recently applied in the case of Decastro v. Boylan, 367 So.2d 83 (La.App. 4th Cir. 1979). However, the principle has been applied in cases where the automobile was driven away and the injury occurred at some point remote to where the vehicle was left and because of the immediate negligence of the driver. Our case is analogous to the situation where the owner might start his automobile and leave it running while he goes inside his house for a few minutes. In the meantime a child gets into the automobile, flips the transmission into *1351 gear, and is unable to stop the vehicle which causes damage to a plaintiff. It seems that the owner would be liable in such a case.
It is logical to infer that the boys who were playing on the bulldozer started it with ease and were unable to control it. Defendant's liability arises from the breach of its duty to secure the machine and prevent it from causing damage under circumstances where it was foreseeable that unauthorized persons might tamper with the machine.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.