193 N.J. Super. 420 (1984)
474 A.2d 1088
FOREIGN AUTO PREPARATION SERVICE INC., PLAINTIFF-APPELLANT,
v.
VICON CONSTRUCTION COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 29, 1984.
Decided April 11, 1984.
*421 Before Judges FURMAN and DEIGHAN.
Carmine A. Iannaccone argued the cause for appellant (Stryker, Tams & Dill, attorneys; Robert J. Del Tufo, of counsel; Carmine A. Iannoccone and Mark T. McMenamy on the brief).
George P. Lacay argued the cause for respondent (Schwartz & Andolino, attorneys).
The opinion of the court was delivered by FURMAN, J.A.D.
Liability for property damage by a runaway bulldozer is at issue on this appeal. A vandal or vandals never identified started defendant Vicon Construction Company's bulldozer by "hot wiring," according to experts on both sides. In the early morning hours the driverless bulldozer crossed Doremus Avenue in Newark, crashed through a barbed wire fence surrounding plaintiff's premises and ran amuck for several minutes, damaging two buildings and more than 30 new cars. From dismissal on motion after both sides had rested, plaintiff appeals.
The trial court concluded:

*422 There is not anything from which a jury could infer rationally from the testimony without utter speculation that there was a risk of harm made known to and foreseeable to the defendants as probably coming to anyone other than itself.
We are constrained to reverse and remand because we disagree with the trial court's evaluation of the evidence. In our view, under the evidence in the light most favorable to plaintiff a jury could have reached a determination that damage to others was reasonably foreseeable, if defendant failed to safeguard its bulldozer against vandalism during the night. That determination of reasonable foreseeability would have had the legal consequence of establishing a duty in defendant to exercise reasonable care to safeguard its bulldozer against vandalism during the night. As its ultimate verdict, a jury could have concluded that defendant breached that duty and that its breach was a proximate cause of the extensive property damage sustained by plaintiff.
We recapitulate the evidence in the light most favorable to plaintiff. Defendant was performing construction work for Passaic Valley Sewerage Authority; it stored two bulldozers overnight on a vacant 100-acre tract of land, partially filled and partially swampy, owned by the sewerage authority on Doremus Avenue in Newark; a dirt access road led to Doremus Avenue; plaintiff's premises were directly across Doremus Avenue; the bulldozer which was started by a vandal or vandals was parked facing Doremus Avenue and open and visible from that travelled roadway; it was not surrounded by other heavy equipment except the other bulldozer; its ignition key had been removed; its battery cable had not been disconnected; it had no plate or other guard over the instrument panel although, as purchased, it had had one; its cab was open; according to experts on both sides, the bulldozer was easily started by "hot wiring"; the area was frequented by trespassers, including hunters and trappers of muskrats and rabbits; cars often drove on the premises and parked at night; there *423 was no security guard or guard dog at night; the premises were unfenced and without lighting; during the previous two years two front-end loaders and a flatbed trailer owned by defendant had been stolen from the premises; on a recent Sunday two unauthorized persons had removed parts from a Mack truck; defendant's president acknowledged some prior vandalism at the site; heavy equipment thefts had then been occurring recently along the entire eastern seaboard.
Duties enforceable in tort actions are defined and limited by reasonable foreseeability. A duty arises to take some action if harm to another is reasonably foreseeable in the event it is not taken, or to refrain from taking some action if harm to another is reasonably foreseeable in the event it is taken. We recognize that many duties enforceable in tort are imposed as a matter of law with the element of reasonable foreseeability presumed. In other cases, as here, reasonable foreseeability is an issue to be submitted to the jury for its determination in order to establish the existence and scope of a duty enforceable in tort. See, e.g., Hill v. Yaskin, 75 N.J. 139 (1977), quoting with approval from 57 Am.Jur.2d, Negligence, § 58 at 411 that reasonable foreseeability defining duty is generally resolved by a jury:
Foresight, not hindsight, is the standard by which one's duty of care is to be judged. The existence of actionable negligence depends, not upon what actually happened, but upon what reasonably might have been expected to happen. Negligence must be determined upon the facts as they appeared at the time, and not by a judgment from actual consequences which were not then to be apprehended by a prudent and competent man. What was reasonably to be foreseen is generally a question for the jury. [at 144; footnotes omitted]
See also Trentacost v. Brussel, 82 N.J. 214, 222 (1980), specifically extending reasonable foreseeability of danger to a tenant to foreseeability of another's voluntary criminal acts beyond the control of defendant landlord.
Reported opinions in other jurisdictions are in conflict as to whether a duty to safeguard a stored or parked bulldozer or other piece of heavy equipment against tampering should be imposed. Cases recognizing such a duty enforceable in tort include Glass v. Freeman, 430 Pa. 21, 240 A.2d 825 (Sup.Ct. *424 1968); Richardson v. Ham, 44 Cal.2d 814, 285 P.2d 269 (Sup. Ct. 1955); Batiste v. Boh Bros. Const. Co., Inc., 404 So.2d 1348 (La. Ct. App. 1981); Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52 (Sup.Ct. 1952). Cases resolving the issue against enforcement of such a tort duty include University Dodge, Inc. v. Drott Tractor Co., 55 Wis.2d 396, 198 N.W.2d 621 (Sup.Ct. 1972); Herring v. Humphrey, 254 N.C. 741, 119 S.E.2d 913 (Sup.Ct. 1961); Parker and Parker Construction Co. v. Morris, 346 S.W.2d 922 (Tex.Ct.Civ.App. 1961).
The differing results in the foregoing cases tend to hinge upon such variations in the evidence as relative accessibility of the heavy equipment and past observation or not of unauthorized persons loitering about or tampering with the heavy equipment. On the appeal before us, as we have set forth, there was ample prima facie evidence both of the accessibility of the bulldozer which was started and turned loose and of recent past experiences of trespassers in its vicinity and thefts and acts of vandalism nearby.
We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.