Doris VICKNAIR, Plaintiff–Appellant,

v.

SEARS, ROEBUCK & CO. and Allstate Insurance Company, Defendants–Appellees.

No. 87–3673.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1988.

**248**

Darleen M. Jacobs, Brian C. Beckwith, New Orleans, La., for plaintiff-appellant.

Dona J. Dow, James A. Babst, New Orleans, La., for defendants-appellees.

Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Doris Vicknair appeals an adverse judgment on a jury verdict, contending that the trial judge erred in charging the jury and in granting a partial directed verdict to Sears, Roebuck & Co. Finding no error of law, we affirm.

### Background

On Christmas Eve 1977, Vicknair was shopping at the Sears outlet in the Clearview Shopping Center, Metairie, Louisiana. As she entered the store she noticed a young boy swinging on an almost empty clothing rack. Shortly thereafter, while Vicknair waited in line to pay for her purchases, the child toppled the rack which knocked Vicknair to the floor and injured her. Other than the look of alarm in the young cashier's eyes as the rack fell, Vicknair had no warning. The child quickly left the scene and was never identified.

The injuries sustained were serious and Vicknair filed suit in state court advancing three theories of liability: negligence, attractive nuisance, and strict liability. Urging diversity jurisdiction, Sears removed to federal court where the case was tried to a jury. At the close of the plaintiff's case Sears moved for a directed verdict on all three theories. The court granted the motion on the strict-liability and attractive-nui-sance theories and submitted the negligence claim to the jury, which returned a verdict in favor of Sears.

### Analysis

On appeal Vicknair maintains that the court erred in its charge to the jury and in directing a verdict on the strict liability and attractive nuisance theories.

The asserted error in the charge to the jury has not been preserved for our review. The language of Rule 51 of the Federal Rules of Civil Procedure is very specific: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The failure of specific objection precludes appellate review. *Gulf South Mach. Inc. v. Kearney & Trecker Corp.*, 756 F.2d 377 (5th Cir.), *cert. denied*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 228 (1985).

In her principal attack on the adverse judgment, Vicknair contends that the district court erred in directing a verdict on her attractive-nuisance and strict-liability claims. We find neither contention persuasive.

As to attractive nuisance, Vicknair's argument is as novel as it is interesting. She would have us extend the Louisiana doctrine of attractive nuisance, heretofore applicable only to injuries sustained by children, to a situation where a third person is injured because a child succumbed to the allure of a device or situation which qualified as an attractive nuisance. As an *Erie* court, we must decline that invitation. We are aware of no Civil Code article, statute, or decision by a Louisiana appellate court supporting such an extension. The body of Louisiana law uniformly applies the protections of the attractive nuisance doctrine to children of tender age who fail to understand the dangers involved. The very case primarily relied upon by the appellant clearly recognizes that limitation. *Batiste v. Boh Bros. Const. Co.*, 404 So.2d 1348 (La.App.1981) (*citing Richards v. Marlow*,

347 So.2d 281 (La.App.1977)). The trial court did not err in directing a verdict on this theory of liability.

■ Nor did the court err in directing a verdict on the strict liability claim. In reviewing that ruling, we apply the venerable rule of *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc), to the trial judge's conclusion that there was insufficient evidence to create a fact question for the jury. *In re Letterman Bros. Energy Securities Litigation*, 799 F.2d 967 (5th Cir.1986). As an *Erie* court we view the matter against the backdrop of Louisiana law.

As is true for all civil law analyses, one begins with the controlling code article(s), in this case article 2317 of the Louisiana Civil Code, which provides in pertinent part:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by ... the things which we have in our custody.

In the seminal case of *Loescher v. Parr*, 324 So.2d 441 (La.1975) (Tate, J.), the Supreme Court of Louisiana gave full credence to this article and extended the concept of strict liability to the owner-guardian of a thing, recognizing the sweeping teaching of article 2315 which prescribes: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

In determining the limits of that fault of the owner-guardian the Supreme Court held that the injured complainant must prove "the vice (*i.e.*, an unreasonable risk of injury to another) in the ... thing whose act causes the damage, and that the damage resulted from this vice. Once this is proved, the owner or guardian responsible for the ... thing can escape liability only if he shows the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force." *Loescher*, 324 So.2d at 446–47.

One of Louisiana's intermediate courts of appeal made a post-*Loescher* application of article 2317 strict liability to a set of facts strikingly similar to those at bar. In *Loche v. Standard Associates Management &*

*Consultants, Inc.*, 452 So.2d 300 (La.App. 1984), a child swung on a portable sign pole in a shopping center parking lot, toppling it and injuring the plaintiff. The owner of the shopping center was exonerated of fault on a finding that the pole was not defective and did not otherwise create an unreasonable risk of injury. Applying the balancing test suggested by Justice Dennis in his concurrence in *Kent v. Gulf States Utilities Company*, 418 So.2d 493, 501 (La. 1982), the court weighed the likelihood and gravity of harm against the benefits, purpose and utility of the sign pole. *Loche*, 452 So.2d at 303.

In the case at bar the trial court found no evidence that the clothing rack was defective, or that it posed an unreasonable risk of injury. Our review of the record leads to those same findings and conclusions. Viewed against the *Kent/Loche* balance, we do not conclude that the likelihood of injury from a toppling rack outweighed the benefits and utility of the portable clothing rack in this type establishment. The record contains no evidence that the flipping or toppling of clothing racks was foreseeable, indeed it contains credible evidence that this was a first-time occurrence, a factor which must be given substantial weight considering the vast exposure and experience of this defendant. Absent proof of a defect, or of the imposition on others of an unreasonable risk of injury, there is no factual predicate upon which to base an application of the strict liability doctrine of article 2317. No fault of Sears was established. The trial court correctly directed a verdict on the strict liability claim.

All of the remaining assignments of error and arguments relate to Vicknair's complaint about the jury charge on negligence, matters which, as noted, are not before us on this appeal.

The judgment of the district court is AFFIRMED.