NORTHLAND INSURANCE COMPANY, A CORPORATION, AND THE TRAVELERS COMPANIES, A CORPORATION, APPELLANTS, V. STATE OF NEBRASKA, APPELLEE.

492 N.W.2d 866

Filed December 11, 1992.  No. S-90-020.

J. Joseph McQuillan and Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellants.

Don Stenberg, Attorney General, and Lynne R. Fritz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
Succinctly, the issue in this case of first impression is whether under Nebraska's State Tort Claims Act the State of Nebraska may be sued for contribution as an alleged joint tort-feasor.

In sustaining the State's demurrer to the appellants' petition for such relief, the district court for Dawes County held that it lacked subject matter jurisdiction because it found that a contribution claim is not a tort action under Nebraska's State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1987). We reverse the holding of the district court and remand the cause for further proceedings.

Appellants' petition alleges that a collision of a tractor-trailer unit operated by Edward Witte and owned by Iten Leasing Company and an automobile operated by Kevin Jech in Dawes County was, in part, proximately caused by the negligence of the State. Jech, his wife, Joyce, and their two sons all received injuries in the accident. Joyce Jech died as a result of the injuries she received. The appellants, Northland Insurance Company and The Travelers Companies (insurance companies), provided liability insurance for Witte and Iten, respectively.

A lawsuit filed in federal district court against Witte and Iten resulted in a $1,250,000 jury verdict in favor of Kevin Jech as personal representative of the estate of Joyce Jech. The petition in the case under consideration alleges that additional lawsuits were filed in the district court for Dawes County against Witte, Iten, and the State by various Jech family members. Following the verdict in federal district court, the insurance companies settled all claims against Witte and Iten for $1,600,000.

Thereafter, in May 1989, in accordance with Nebraska's State Tort Claims Act, the insurance companies filed a claim for contribution with the State Claims Board. The claim was rejected in September 1989. No issue has been raised as to whether the claim was timely filed. The insurance companies instituted this lawsuit on October 12, 1989, alleging that the State was negligent in (1) failing to properly maintain Highway 20 at or near the accident site and (2) failing to warn users of Highway 20 of dangerous conditions existing at or near the scene of the accident. In the prayer of their petition, the insurance companies seek contribution of $800,000 from the State toward the amount paid in settlement of the federal and state court lawsuits.

On November 13, 1989, the State filed a demurrer to the insurance companies' petition, alleging that (1) the petition failed to state a cause of action under Nebraska's State Tort Claims Act and that (2) the court lacked subject matter jurisdiction because a contribution or indemnity claim is not a tort action. The court sustained the demurrer, and the insurance companies appealed to this court.

[W]hen ruling on a demurrer, a court must assume that the

pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. . . . A petition will be sufficient if, under the facts alleged, the law entitles a plaintiff to recover. . . . That is to say, facts are sufficient to constitute a cause of action when they are a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff.

(Citations omitted.) *First Nat. Bank of Omaha v. State*, 241 Neb. 267, 270-71, 488 N.W.2d 343, 346 (1992).

As previously indicated, the sole issue to be determined on appeal is whether the district court was correct in holding that it had "no jurisdiction of the subject matter for the reason that a contribution or indemnity claim is not a tort action, under the State Tort Claims Act . . . and therefore the cause of action fails."

*Tort claim [under Nebraska's State Tort Claims Act] shall mean any claim against the State of Nebraska for money only on account of damage to or loss of property or on account of personal injury or death,* caused by the negligent or wrongful act or omission of any employee of the state, while acting within the scope of his office or employment, *under circumstances where the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death . . . .*

(Emphasis supplied.) § 81-8,210(4).

Nebraska's State Tort Claims Act is patterned after the Federal Tort Claims Act. *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989).

In *United States v. Yellow Cab Co.*, 340 U.S. 543, 71 S. Ct. 399, 95 L. Ed. 523 (1951), the United States argued that, under the Federal Tort Claims Act, it had not consented to be sued for contribution claimed by a joint tort-feasor. The U.S. Supreme Court stated that the Federal Tort Claims Act on its face amply covered such consent and "waive[d] the Government's immunity from suit in sweeping language." *Yellow Cab Co.*,

340 U.S. at 547. The Court noted that "[t]he words '*any claim* against the United States . . . *on account of* personal injury' . . . are broad words in common usage. They are not words of art." (Emphasis in original.) 340 U.S. at 548. In holding that the Federal Tort Claims Act carries the Government's consent to be sued for contribution, the Court also found it significant that claims for contribution were not included in the list of exceptions contained within the Federal Tort Claims Act, to which exceptions the waiver of immunity did not apply. Similarly, Nebraska's State Tort Claims Act has a list of exceptions to its waiver of immunity which does not include claims for contribution. See § 81-8,219(1).

The State cites *Waldinger Co. v. P & Z Co., Inc.*, 414 F. Supp. 59 (D. Neb. 1976), for the proposition that an action for contribution does not fall within Nebraska's State Tort Claims Act. We reject the federal district court's conclusion. We hold that an action for contribution is covered under Nebraska's State Tort Claims Act, but only if a private person would be liable to the claimant for the damage, loss, injury, or death.

The Nebraska Supreme Court has recognized claims for contribution among negligent joint tort-feasors in *Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975). The court held that

> in this jurisdiction there is no absolute bar to contribution among negligent joint tort-feasors; and also, as in this case, that a right to equitable contribution exists among judgment debtors jointly liable in tort for damages negligently caused, which right becomes enforceable on behalf of any party when he [or she] discharges more than his [or her] proportionate share of the judgment.

*Id.* at 764, 229 N.W.2d at 190.

Although this court did not directly rule as to contribution between negligent tort-feasors against whom judgments have not yet been rendered, the federal district court applied the principle that it believed the Nebraska Supreme Court would utilize in such a case in the future. *Reese v. AMF-Whitely*, 420 F. Supp. 985 (D. Neb. 1976). We adopt the interpretation of the federal district court, which stated that the language in *Royal Ind. Co.* "encompass[ed] both those against whom a plaintiff

has successfully obtained a judgment and those whose liability remains to be fixed . . . ." *Reese*, 420 F. Supp. at 987. Here, because the insurance companies, before filing a lawsuit in state court, filed a claim under Nebraska's State Tort Claims Act, we need not determine whether it would be proper for a defendant to file a cross-claim in the original plaintiff's suit or institute an independent action for contribution by the original defendant without filing a claim under Nebraska's State Tort Claims Act.

We continue to embrace our language in *Royal Ind. Co.* that

"general principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the other, gives the latter an advantage to which he is not equitably entitled." George's Radio, Inc. v. Capital Transit Co., 75 App. D. C. [187] at 189, 126 F. 2d [219] at 221 [(1942)]. Thus, an eminent authority has pointed out the ". . . obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered by one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free." Prosser, Law of Torts (4th Ed.), § 50, p. 307.

193 Neb. at 763-64, 229 N.W.2d at 189.

Under the circumstances of this case, a private person, if negligent, could be held liable to a joint tort-feasor who had paid more than that person's fair share of the damages or judgment. Therefore, under Nebraska's State Tort Claims Act, the State could be held liable to such a joint tort-feasor.

The district court erred in sustaining the State's demurrer. This cause is remanded to the district court for Dawes County for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.