TIMOTHY GERKEN, APPELLANT, V. HAWKINS CONSTRUCTION COMPANY, APPELLEE.
IRENE GERKEN AND TIMOTHY GERKEN, APPELLANTS, V. HAWKINS CONSTRUCTION COMPANY, APPELLEE.

498 N.W.2d 97

Filed April 9, 1993.    Nos. S-90-1062, S-90-1105.

Vard R. Johnson, of Broom, Johnson, Fahey & Clarkson, for appellants.

Ronald F. Krause and David A. Blagg, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

These cases arise out of an incident that occurred in Omaha, Nebraska, on June 30, 1986. On that date, the defendant, Hawkins Construction Company, was engaged in constructing the Arthur C. Storz Expressway. The defendant was using a large bulldozer which it left at the defendant's worksite near 2614 Saratoga Street at the end of the workday. The petitions allege that on the evening of June 30, a person or persons unknown to the plaintiffs climbed aboard the bulldozer, started it, put it into forward operation, and then abandoned it. As a result, the bulldozer collided with a house at 2614 Saratoga Street, occupied by the plaintiff Timothy Gerken, damaging the house and its contents.

The plaintiffs in case No. S-90-1105 are Irene Gerken and Timothy Gerken. Irene Gerken is alleged to be the owner of the house at 2614 Saratoga Street, which has been sold to Timothy Gerken, her son, pursuant to an oral agreement. The plaintiffs allege the damages to the house amounted to $30,000.

The plaintiff in case No. S-90-1062 is Timothy Gerken, who alleges that personal property of his having a value of $750 was destroyed and that he was in the house at the time the bulldozer collided with it. As a result, he was placed in immediate terror, fright, and fear for his safety and has suffered mental and emotional harm and physical injury, including a $5,000 loss of income.

The defendant filed general demurrers to the petitions in each case. The trial court sustained the demurrers and dismissed the petitions. The plaintiffs have appealed from those judgments.

"[W]hen ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. . . . A petition will be sufficient if, under the facts alleged, the law entitles a plaintiff to recover. . . . That is to say, facts are sufficient to constitute a cause of action when they are

a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff."

*Northland Ins. Co. v. State*, 242 Neb. 10, 12-13, 492 N.W.2d 866, 868 (1992).

The petitions alleged that the defendant was negligent in the storage, protection, and care of the bulldozer. Specifically, the petitions alleged that the defendant left the bulldozer at the worksite unattended and unsecured. In addition, the defendant left an operating key in or near the bulldozer ignition. The petitions further alleged that the work area where the bulldozer was left was a residential area occupied by many low-income families with children. Further, the worksite had been subject to vandalism prior to June 30, 1986. The plaintiffs allege that the defendant's negligence was the proximate cause of their injury and property damage.

The petitions also alleged the contract between the city of Omaha and the defendant provided:

"In the performance of this contract, the contractor shall comply with all applicable Federal, State and local laws governing safety, health and sanitation. The contractor shall provide all safeguards, safety devices and protective equipment and make any other needed actions, on his own responsibility, or as the State Highway Department contracting officer may determine, reasonably and necessary to protect the life and health of employees on the job and the safety of the public and to protect property in connection with the performance of the work covered by the contract."

The plaintiffs further alleged that the defendant was negligent in the following particulars:

(a) Defendant failed to use reasonable care in protecting the safety of the public while engaged in the construction project for the City of Omaha by failing to fence the construction site to prevent access to construction equipment by unauthorized personnel, by failing to place a watchman or other person on site, after hours, to prevent access to construction equipment by unauthorized personnel, and by failing to render dangerous machinery

inoperable except to authorized personnel.

(b) By leaving an ignition key in or about the bulldozer, Defendant created an attractive nuisance, inviting children known to be in the area to put into operation a highly dangerous piece of equipment.

The trial court based its decision on *Hersh v. Miller*, 169 Neb. 517, 99 N.W.2d 878 (1959). Although *Hersh v. Miller* involved an automobile rather than a bulldozer, the trial court stated there was no valid reason or reasonable basis to deviate from the rule stated in the *Hersh v. Miller* case, that the intervening acts of a thief were the proximate cause of the harm inflicted upon the plaintiffs.

In *Hersh v. Miller*, the plaintiff alleged that the defendant left an automobile unlocked and unguarded in violation of an ordinance that required automobiles to be locked. The petition further alleged that a 12-year-old started the automobile, drove it away, and subsequently collided with the plaintiff's truck. After discussing the concepts of negligence, proximate cause, and efficient intervening cause, this court noted:

We have never dealt squarely with a case, such as here, where a thief, or any other unauthorized person, takes a car parked in violation of an ordinance such as here presented. However, many courts have as is evidenced by the annotation contained in 51 A. L. R. 2d at page 633, under the subject "Liability for damage or injury by stranger starting motor vehicle left parked on street." The great majority thereof have come to the conclusion that no liability attaches. As stated in Galbraith v. Levin, 323 Mass. 255, 81 N. E. 2d 560: "* * * the conduct of the thief was an intervening cause which the defendants were not bound to anticipate and guard against." . . . As stated in Permenter v. Milner Chevrolet Co., *supra*, by quoting from Midkiff v. Watkins (La. App.), 52 So. 2d 573: "Under the facts as related in this case, we are convinced that there was an intervening cause which broke the sequence of the defendant's alleged negligence, if any. To hold the defendants liable in this case would go far towards making them insurers as to the consequences of every accident in which their car might become involved

while operated by thieves or their successors in possession."

169 Neb. at 522, 99 N.W.2d at 882. The *Hersh v. Miller* court concluded:

We think the reasons stated by the majority of the courts that have passed thereon that no liability attaches to the owner of a car parked in violation of such ordinance when taken by a thief, or other unauthorized person, who, while driving the same, has an accident therewith resulting in injury and damage to third persons, such as the appellant, are sound and should be followed. The same would be true in the absence of such an ordinance.

*Id.* at 523, 99 N.W.2d at 882. The *Hersh v. Miller* holding was affirmed in a later case, *Flannery v. Sample Hart Motor Co.*, 194 Neb. 244, 231 N.W.2d 339 (1975).

There are cases in other jurisdictions in which it has been held that cases involving heavy equipment such as a bulldozer should be distinguished from the cases involving automobiles. See, for example, *Richardson v. Ham*, 44 Cal. 2d 772, 285 P.2d 269 (1955), cited by the plaintiffs. However, we believe the applicable rule is that stated in the *Hersh v. Miller* and *Flannery v. Sample Hart Motor Co.* cases.

We conclude that the actions of the unknown person or persons who started the bulldozer before it collided with the Gerkens' house was an independent intervening cause, which was the proximate cause of the accident. The plaintiffs did not allege facts in their petitions that show that the acts of the unknown person or persons in the operation of the bulldozer were foreseeable by the defendant. Although the amended petitions alleged that the area where the construction site was located was a residential area occupied by many low-income families with children and also alleged that the construction site had previously been subject to vandalism, the petitions did not allege that the bulldozer was actually operated by children or that any heavy equipment in the construction area had previously been vandalized or tampered with on prior occasions. Consequently, the petitioners failed to allege facts to indicate that the acts of the unknown person or persons in the operation of the bulldozer were foreseeable by Hawkins. But,

even assuming, without deciding, that Hawkins was negligent in its storage of the bulldozer, the acts of the unknown person or persons in this case broke the causal connection between the original wrong and the injury. The fact that the vehicle involved in this case was a bulldozer rather than an automobile is not a sufficient reason for this court to deviate from the rule set forth in *Hersh v. Miller*, 169 Neb. 517, 99 N.W.2d 878 (1959).

The judgments of the district court are affirmed.

AFFIRMED.

SHANAHAN, J., dissenting.

Irene Gerken and Timothy Gerken alleged that Hawkins Construction Company, by its contract with the city of Omaha, had expressly agreed to "provide all safeguards, safety devices and protective equipment and make any other needed actions . . . reasonably and necessary to protect . . . the safety of the public." Notwithstanding that contractual obligation, Hawkins supplied no personnel to look after the construction site at the completion of a workday. Also, Hawkins failed to fence the area of the construction site where the bulldozer was kept, although the site was located within a residential area where children lived and had been subject to vandalism before the incident in question. Hawkins' bulldozer was left unattended at the unsecured construction site and had no locking device to prevent operation by unauthorized personnel. Moreover, the bulldozer's operating key was left in its ignition switch or otherwise easily accessible for starting the bulldozer. Some unknown person or persons started the bulldozer which, in turn, damaged Gerkens.

Based on the preceding factual setting, the majority concludes that unauthorized use of the bulldozer was unforeseeable and, therefore, was an intervening act which Hawkins could not have anticipated; hence, the unforeseeable operation of the bulldozer was a superseding cause that precludes Hawkins' liability.

" 'Foreseeability is a factor in establishing a defendant's duty . . . .' " *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 173, 425 N.W.2d 872, 881 (1988) (quoting *Holden v. Urban*, 224 Neb. 472, 398 N.W.2d 699 (1987)). Accord, *Dowis*

*v. Continental Elev. Co.*, 241 Neb. 207, 486 N.W.2d 916 (1992); *Ditloff v. Otto*, 239 Neb. 377, 476 N.W.2d 675 (1991). An intervening act, reasonably foreseeable by a defendant, does not preclude the defendant's liability. See *Mundt v. Northwestern Bell Tel. Co.*, 230 Neb. 192, 430 N.W.2d 530 (1988). "Determination of causation is, ordinarily, a matter for the trier of fact." *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 778, 408 N.W.2d 280, 285 (1987). Accord, *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co., supra*; *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988). Consequently, foreseeability, as a factor in causation, is usually a question for the fact finder and ordinarily is not a subject for judicial determination as a matter of law raised by a demurrer.

Although the majority of this court invokes a rule regarding car theft to deny Gerkens their day in court, a more realistic and cogent analysis that distinguishes car theft from unauthorized use of a construction company's bulldozer was expressed by Justice Roger Traynor in *Richardson v. Ham*, 44 Cal. 2d 772, 285 P.2d 269 (1955), a case involving liability for damages when a construction company's bulldozer was set in operation by vandals at a construction site. As Justice Traynor pointed out, "[a]utomobiles do not arouse curiosity, and ordinarily the only appreciable risk that they will be set in motion if they are left unattended arises from the possibility of their being stolen," and "it could reasonably be inferred that [the bulldozers] were attractive to children when left unattended at the end of the working day." 44 Cal. 2d at 776, 285 P.2d at 271. Hence, there was a justifiable "conclusion that there was a reasonably foreseeable risk that defendants' bulldozers might be tampered with when left unattended." *Id.*

Justice Traynor continued the analysis:

> Given this foreseeable risk of intermeddling, the question is presented whether defendants were under a duty to exercise reasonable care to prevent intermeddlers from putting their bulldozers in operation. . . . The risks arising from intermeddling with bulldozers, however, are entirely different from those arising from the driving of an automobile by a thief. Bulldozers are relatively uncommon, and curious children or others attracted by

them ordinarily will not know how to operate them. An intermeddler who starts a bulldozer accidentally or otherwise may not be able to stop it, and the potentialities of harm from a 26-ton bulldozer in uncontrolled motion are enormous . . . . The extreme danger created by a bulldozer in uncontrolled motion and the foreseeable risk of intermeddling fully justify imposing a duty on the owner to exercise reasonable care to protect third parties from injuries arising from its operation by intermeddlers. . . .

In the absence of an effective lock the bulldozer engine could be started by pushing in a lever and stepping on the starter. Moreover, the engine could be started with the bulldozer in gear, and if so started, the bulldozer would commence to move immediately. Although this risk could be avoided by the use of a simple but effective lock, there is evidence that no such lock was used. Accordingly, there is substantial evidence that defendants did not exercise reasonable care to prevent intermeddlers from setting their bulldozer in motion.

. . . It is settled, however, that "If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." (Rest. Torts, § 449 . . . .) The possibility of the intentional, wrongful misconduct that occurred in this case was not so remote as not to constitute "one of the hazards" that would justify the conclusion that defendants' failure to lock the bulldozer was negligent. Accordingly, defendants' duty to protect plaintiffs from injuries caused by the uncontrolled and unauthorized operation of their bulldozer included a duty to protect plaintiffs from the intentional misconduct of the young men, and such misconduct did not therefore constitute a superseding cause of plaintiffs' harm.

44 Cal. 2d at 776-77, 285 P.2d at 271-72. Other courts have concurred in the Traynor analysis and distinction between

automobile theft cases and unauthorized use of a construction company's bulldozer. See, *Foreign Auto Prep. Serv. Inc. v. Vicon Constr. Co.*, 193 N.J. Super. 420, 474 A.2d 1088 (1984) (whether owner of a bulldozer could foresee that vandals would operate the bulldozer was a question of fact); *Batiste v. Boh Bros. Const. Co., Inc.*, 404 So. 2d 1348 (La. App. 1981) (a jury could reasonably conclude that the defendant, as the owner of a bulldozer at a construction site, could foresee that the bulldozer would be operated by vandals with relative ease, especially in view of prior acts of vandalism at the construction site); *Bronk v. Davenny*, 25 Wash. 2d 443, 171 P.2d 237 (1946) (owner of a tractor was liable for damage caused by a young boy who easily started the unattended and unsecured tractor).

The facts alleged by Gerkens show, or provide a basis for a reasonable inference, that the unsecured bulldozer was accessible to anyone and could easily be started, since the operating key was left readily available or actually in the bulldozer's ignition switch. Previous vandalism at the unfenced construction site indicated that trespassers, including neighborhood children, could enter the area, tamper with Hawkins' heavy equipment, and start the bulldozer without any degree of difficulty or expertise. Under those circumstances, a recognizable and realizable likelihood existed that an unauthorized person or unauthorized persons would enter the construction site. After starting the bulldozer, an untrained intermeddler or joyrider would discover that the heavy equipment was difficult to control. At that point, the bulldozer would be released on its course of destruction rather than construction.

Disregarding the foregoing implications and reasonable inferences drawn from Gerkens' petitions, the majority has completely ignored the fact that Gerkens' appeals involve rulings on demurrers. By applying a rule of law regarding an owner's liability for a stolen automobile, the majority has mechanically extended the car-theft rule and, in so doing, has bulldozed foreseeability as the cornerstone of duty in the foundation of a negligence cause of action. On the facts pleaded by Gerkens, a cause of action was stated against Hawkins, and for that reason, Hawkins' demurrers should

have been overruled so that the proceedings could continue against Hawkins. Since the majority has reached the opposite conclusion, I dissent.

WHITE and LANPHIER, JJ., join in this dissent.