ROBERT WADMAN, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

510 N.W.2d 426

Filed May 25, 1993.    No. A-91-961.

Michael M. O'Brien, of Cannon, Goodman, O'Brien & Grant, for appellant.

Don Stenberg, Attorney General, and Charles E. Lowe for appellee.

SIEVERS, Chief Judge, and IRWIN and WRIGHT, Judges.

IRWIN, Judge.

Appellant, Robert Wadman, filed a petition in the district court for Lancaster County against the State of Nebraska, seeking to recover damages from the State under the State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209 through 81-8,235 (Reissue 1987 & Cum. Supp. 1992), for (1) invasion of privacy under the provisions of Nebraska's right of privacy law, specifically Neb. Rev. Stat. § 20-204 (Reissue 1991), and (2) intentional infliction of emotional distress.

Appellee demurred to appellant's petition on the grounds that the court lacked jurisdiction of the subject of the action and/or that the petition did not state facts sufficient to constitute a cause of action. The district court, in ruling on the demurrer, concluded that (1) there had been no waiver of sovereign immunity for the bringing of invasion of privacy lawsuits against the State, (2) appellant's action for invasion of privacy was barred by the applicable statute of limitations, and (3) the petition did not set forth facts sufficient to constitute a cause of action for intentional infliction of emotional distress. The court granted appellant 14 days to file an amended petition regarding the second cause of action. The intentional infliction of emotional distress cause of action was dismissed after appellant elected to stand on his petition.

## STANDARD OF REVIEW

A demurrer which challenges the sufficiency of the allegations is a general one. In appellate review of a ruling on a general demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992); *Brunson v. Ranks Army Store*, 161 Neb. 519, 73 N.W.2d 803 (1955).

When ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *First Nat. Bank of Omaha v. State*, 241 Neb. 267, 488 N.W.2d 343 (1992). A petition will be sufficient if, under the facts alleged, the law entitles a plaintiff to recover. *Id.* That is, facts are sufficient to constitute a cause of action when they are a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Id.*

Whether the allegations made by a plaintiff constitute a cause of action under the State Tort Claims Act is a question of law. *Blitzkie v. State*, 241 Neb. 759, 491 N.W.2d 42 (1992).

Accordingly, an appellate court has an obligation to reach its conclusion as to this question independent from the conclusion reached by the trial court. *Id.*

## FACTUAL BACKGROUND

Appellant's petition alleges the following facts: In January 1989, the Nebraska Legislature formed a committee to investigate the Franklin Community Federal Credit Union failure and related child abuse allegations. In August 1989, the Legislature's Franklin committee hired Lincoln private detective Gary Caradori to assist in performing its tasks and investigating the child abuse allegations.

During the course of his investigation of the child abuse allegations, Caradori videotaped statements of three individuals who alleged that they were victims of sexual and physical abuse. In their videotaped statements, these three individuals identified several prominent Omaha men, including appellant, as having been involved in the sexual and physical abuse.

All records of the investigation were sealed and ordered to be kept confidential without disclosure until the committee could determine the credibility of the accusations made by the three individuals, determine whether sufficient grounds existed to warrant a grand jury investigation, and develop evidence to support the ultimate findings of the committee.

In January 1990, former state senator John DeCamp (who was not in the Legislature or on the committee at the time) sent newsletters to his constituents and to newspaper reporters revealing the names of the individuals accused in the videotaped statements, including appellant.

## PREFACE

Nebraska has enacted statutes which create a right of action for invasion of privacy, Neb. Rev. Stat. §§ 20-201 through 20-211 (Reissue 1991) and 25-840.01 (Reissue 1989), which define limited rights to privacy. An action for invasion of privacy in Nebraska exists for (1) exploiting a person for advertising or commercial purposes (see § 20-202), (2) trespass or intrusion upon a person's solitude (see § 20-203), and (3) placing a person before the public in a false light (see § 20-204).

Appellant has pled that appellee invaded appellant's privacy by placing him before the public in a false light, i.e., category (3) above. This should be kept in mind when reading the discussion in this opinion regarding appellant's first cause of action.

The analysis below regarding invasion of privacy will proceed in the following order: First, has the State, as a sovereign, waived its immunity to be sued for invasion of privacy? Second, if the State has waived its immunity, what statute of limitations applies when a party sues the State for invasion of privacy? Third, does the petition state a cause of action?

After our discussion of the issues related to the cause of action for invasion of privacy, we will discuss the claim for intentional infliction of emotional distress. The parties do not dispute that the State has waived its right to be sued for this latter theory of recovery. We agree. Also, the parties do not dispute that the second cause of action is not barred by the statute of limitations. We agree with this also.

With these directions in mind, we proceed.

## DISCUSSION

*Waiver of Sovereign Immunity.*

Article V, § 22, of the Nebraska Constitution provides that "[t]he state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." The Supreme Court has held that this constitutional provision is not self-executing. *Gentry v. State*, 174 Neb. 515, 118 N.W.2d 643 (1962). Sovereign immunity must be specifically waived in legislation. Any statute purporting to waive the State's sovereign immunity must be clear in so doing and must be strictly construed in favor of the State.

Appellant maintains that the Legislature, by enacting the State Tort Claims Act, §§ 81-8,209 through 81-8,235, has specifically waived the State's sovereign immunity as to tort claims, with the exception of those torts enumerated in § 81-8,219.

The right of privacy law, §§ 20-201 through 20-211, does not contain any express waiver of sovereign immunity by the State.

However, appellant correctly looks to §§ 81-8,215 and 81-8,210(4) for a waiver of sovereign immunity regarding his right to privacy claim. "Subject to certain exempted claims, the State Tort Claims Act provides for the State's liability for its torts the same as a private person may be liable for torts. § 81-8,215." *Blitzkie v. State*, 228 Neb. 409, 415, 422 N.W.2d 773, 777 (1988). Accord, *Cortes v. State*, 191 Neb. 795, 218 N.W.2d 214 (1974). In *Wiseman v. Keller*, 218 Neb. 717, 358 N.W.2d 768 (1984), the Supreme Court noted that several statutes, including § 81-8,209, specifically provide that the State is subject to suit, but only under certain circumstances.

The State Tort Claims Act defines a tort claim as

> any claim against the State of Nebraska for money only on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the state, while acting within the scope of his or her office or employment, under circumstances in which the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death . . . .

§ 81-8,210(4).

The language describing a tort claim for which sovereign immunity is waived as being a claim for damages or losses "caused by the negligent or wrongful act or omission of any employee of the state" has been in the State Tort Claims Act since its original enactment in 1969. At the time that the State Tort Claims Act was adopted in 1969, there was no recognized cause of action for invasion of privacy in the State of Nebraska under either common or statutory law. See, *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989); *Brunson v. Ranks Army Store*, 161 Neb. 519, 73 N.W.2d 803 (1955). Appellee argues that "[t]he State Tort Claims Act does not explicitly and unequivocally act as a waiver of state immunity for statutory 'wrongs' and causes of action which have been created by the Legislature subsequent to its enactment." Brief for appellee at 16.

Nebraska's State Tort Claims Act is patterned after the Federal Tort Claims Act. *Northland Ins. Co. v. State*, 242 Neb. 10, 492 N.W.2d 866 (1992); *Security Inv. Co. v. State*, 231 Neb.

536, 437 N.W.2d 439 (1989).

> In *United States v. Yellow Cab Co.*, 340 U.S. 543, 71 S. Ct. 399, 95 L. Ed. 523 (1951), the United States argued that, under the Federal Tort Claims Act, it had not consented to be sued for contribution claimed by a joint tort-feasor. The U.S. Supreme Court stated that the Federal Tort Claims Act on its face amply covered such consent and "waive[d] the Government's immunity from suit in sweeping language." *Yellow Cab Co.*, 340 U.S. at 547. The Court noted that "[t]he words '*any claim* against the United States . . . *on account of* personal injury' . . . are broad words in common usage. They are not words of art." (Emphasis in original.) 340 U.S. at 548. In holding that the Federal Tort Claims Act carries the Government's consent to be sued for contribution, the Court also found it significant that claims for contribution were not included in the list of exceptions contained within the Federal Tort Claims Act, to which exceptions the waiver of immunity did not apply. Similarly, Nebraska's State Tort Claims Act has a list of exceptions to its waiver of immunity which does not include claims for contribution. See § 81-8,219(1).

*Northland Ins. Co. v. State*, 242 Neb. at 13-14, 492 N.W.2d at 869.

We find likewise that the State Tort Claims Act on its face provides for the waiver of the government's immunity from invasion of privacy suits by the broad sweeping language of §§ 81-8,215 and 81-8,210(4).

In construing a statute, an appellate court must look to the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served and then place on the statute a reasonable construction which best achieves its purpose, rather than a construction which will defeat the statutory purpose. *State v. Seaman*, 237 Neb. 916, 468 N.W.2d 121 (1991). We find that the Legislature intended to waive the State's immunity from suit, except when there is an exception specifically exempting certain conduct, such as those exceptions enumerated in § 81-8,219. We note that § 81-8,219 has been amended three times (in 1986, 1988, and 1992)

subsequent to the enactment of the right of privacy laws. Invasion of privacy was not added to the list of torts exempted from the State Tort Claims Act.

The trial court was incorrect in finding that the State has not waived its sovereign immunity to be sued for the tort of invasion of privacy.

*Statute of Limitations.*

The district court found that the 1-year statute of limitations under § 20-211 had run prior to the filing of appellant's petition.

On January 18, 1990, appellant's cause of action arose. The DeCamp memo was circulated on that date, and it became public knowledge that appellant was one of the individuals accused of child abuse. On December 21, appellant made a claim in writing to the State Claims Board. On March 27, 1991, the State Claims Board met, reviewed the claim, and issued its decision denying appellant's claim. On April 17, appellant filed his petition in district court. The limitation period for bringing an invasion of privacy action is governed by § 20-211, which states that an action for invasion of privacy must be brought within 1 year of the date the cause of action arose. However, the limitation period for bringing suit is extended by § 81-8,227.

Section 81-8,227 states:

> Every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the State Claims Board in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the board as to the final disposition of the claim . . . .

Thus, appellant had 6 months from March 27, 1991, to begin suit on his invasion of privacy claim. See *Coleman v. Chadron State College*, 237 Neb. 491, 466 N.W.2d 526 (1991). From the record, it is clear that appellant filed his petition within this time. Appellant's right to privacy claim, therefore, was not barred by the statute of limitations.

*Invasion of Privacy.*

Appellant alleges that the State of Nebraska, by and through its legislative committee and by and through its employee investigator Caradori, invaded the privacy of appellant by (1) releasing confidential, uncorroborated, and unverified information; (2) failing to conduct its investigation in a proper and responsible manner to ensure accuracy of information and to make certain that the information was not made public knowledge until the information could be verified and/or corroborated to support the allegations; (3) failing to ensure that confidential information obtained by the committee and its investigator Caradori would be kept confidential and not leaked to news sources; and (4) holding private meetings with nonmembers of the committee for the purpose of relating to the nonmembers, among other things, the names of the individuals identified in the videotapes.

Nebraska's right to privacy law regarding the placement of a person before the public in a false light was enacted in 1979.

Section 20-204 provides that

[a]ny person, firm, or corporation which gives publicity to a matter concerning a natural person that places that person before the public in a false light is subject to liability for invasion of privacy, if:

(1) The false light in which the other was placed would be highly offensive to a reasonable person; and

(2) The actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

It is also essential to a claim of false light invasion of privacy that the publicized matter be *false. Schoneweis v. Dando,* 231 Neb. 180, 435 N.W.2d 666 (1989).

Appellant's petition contends that

[a]s a result of the State of Nebraska, by and through its Legislative Committee and its employee, Gary Caradori, leaking and disseminati[ng] confidential information to persons not involved in the Legislative Committee, [appellant] was placed in a false light which was highly offensive and damaging to [appellant] when such information became public via the "DeCamp memo" and

reproduction of the "DeCamp memo" in newspaper articles and radio station reports.

Appellant's petition also asserts that the State "had knowledge, or should have had knowledge, of the falsity of the allegations concerning [appellant], but nevertheless allowed such information to become public knowledge through irresponsible actions of the Legislative Committee." Appellant further asserts that "[a]s a result of the intentional and deliberate invasion of [his] Constitutional right of privacy, [he] has been damaged by having been placed in the public eye in a false light which has severely damaged the reputation of [appellant] and subjected [him] to mental anguish, pain, and suffering."

The facts and reasonable inferences from the petition are scant regarding appellee's actionable conduct, which appellant asserts placed him in a false light before the public.

At best, those facts would establish that through its investigator, the committee received reports that three persons stated that they were victims of sexual and/or physical abuse and that one or more of them was *accusing* appellant of participating in this physical and sexual abuse. Appellant states that appellee knew or should have known that these statements were false. No facts substantiating this conclusion regarding knowledge or reckless disregard are pled. We cannot assume the existence of a fact not alleged, nor make factual findings to aid the pleading. *First Nat. Bank of Omaha v. State*, 241 Neb. 267, 488 N.W.2d 343 (1992).

Our analysis of the facts pled in the petition begins with a review of the elements necessary to state a cause of action for invasion of privacy by placing a person in a false light.

The elements of the false light privacy tort are (1) placing another in a false light (2) which would be highly offensive to a reasonable person and (3) that the actor had knowledge or acted in reckless disregard as to the falsity of the publicized matter. 62A Am. Jur. 2d *Privacy* § 124 (1990); Restatement (Second) of Torts § 652E (1977). It is axiomatic that there can be no cause of action for false light invasion of privacy absent falsehood. *Schoneweis v. Dando, supra.* Appellant is accurate in his petition in stating that he has been *accused* of physical and/or sexual abuse by one or more of the three alleged victims. This is

a *true* statement, given the well-pled facts. Stated another way, appellant does not allege that one or more of these alleged victims did not in fact *accuse* him of this highly offensive conduct and relate this to the committee's investigator. He now attempts to sue the State because some of its representatives repeated the statement that he was *accused* of committing abuse. The statements that appellant asserts give rise to the tort of false light invasion of privacy against the State cannot be fairly characterized as false. Appellant's petition itself asserts that the *accusations* were made and that appellee was not inaccurate in stating that appellant had in fact been accused by one or more of these alleged victims. Just as in defamation cases, truth is a defense to a false light privacy claim. *Mitchell v. Random House, Inc.*, 703 F. Supp. 1250 (S.D. Miss. 1988), *aff'd* 865 F.2d 664 (5th Cir. 1989).

Since appellant has failed to allege facts sufficient to state a cause of action for invasion of privacy (see Neb. Rev. Stat. § 25-806(6) (Reissue 1989)), the demurrer filed by appellee was appropriate and should have been granted for this reason.

Where the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, an appellate court will affirm the trial court's decision. *Nichols Media Consultants v. Ken Morehead Inv. Co.*, 1 NCA 796, 491 N.W.2d 368 (1992); *Wymore v. Wymore*, 239 Neb. 940, 479 N.W.2d 778 (1992); *State v. $15,518*, 239 Neb. 100, 474 N.W.2d 659 (1991); *Staman v. Yeager & Yeager*, 238 Neb. 133, 469 N.W.2d 532 (1991); *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990).

This is not to say that the accusers in this cause are protected from a false light privacy tort. That question is not before us and, therefore, is not addressed in this opinion.

*Intentional Infliction of Emotional Distress.*

In his second theory of recovery, appellant alleges that appellee's actions constituted the tort of intentional infliction of emotional distress.

The elements of a cause of action for intentional infliction of emotional distress are (1) the defendant's

intentional or reckless conduct (2) which is so outrageous and so extreme that the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community and (3) which causes emotional distress so severe that no reasonable person is expected to endure that severe emotional distress. *Pick v. Fordyce Co-op Credit Assn.*, 225 Neb. 714, 408 N.W.2d 248 (1987); *Gall v. Great Western Sugar Co.*, 219 Neb. 354, 363 N.W.2d 373 (1985). See, also, *Hassing v. Wortman*, 214 Neb. 154, 333 N.W.2d 765 (1983) (plaintiff must show that the distress caused by the defendant's conduct is more than mere worry, anxiety, vexation, or anger); *Davis v. Texaco, Inc.*, 210 Neb. 67, 313 N.W.2d 221 (1981) (plaintiff must show extreme emotional response to the defendant's conduct). Cf., *Pick v. Fordyce Co-op Credit Assn., supra* (a sleepless night and humiliation, by themselves, do not establish severe emotional distress); *Mindt v. Shavers*, 214 Neb. 786, 337 N.W.2d 97 (1983) (plaintiff suffered a personality disorder as a result of distress caused by the defendant's conduct).

*Dale v. Thomas Funeral Home*, 237 Neb. 528, 531, 466 N.W.2d 805, 807-08 (1991).

The Supreme Court has stated that the conduct necessary to support a claim must be " 'so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.' " *Hassing v. Wortman*, 214 Neb. 154, 156-57, 333 N.W.2d 765, 767 (1983) (quoting *Paasch v. Brown*, 193 Neb. 368, 227 N.W.2d 402 (1975)). The conduct necessary to support a claim of intentional infliction of emotional distress must exceed " ' "that which a reasonable person could be expected to endure." ' " *Hassing v. Wortman*, 214 Neb. at 157, 333 N.W.2d at 767 (quoting *Davis v. Texaco, Inc.*, 210 Neb. 67, 313 N.W.2d 221 (1981)).

Appellant's petition alleges that the "irresponsible actions" of the State and its agents and employees, through the negligent investigation of the aforementioned allegations, humiliated and destroyed appellant's reputation and earning capacity by placing him in a false light designed to place his moral character

and actions in question and to subject him to public ridicule. However, an extremely disabling emotional response is required to state a cause of action for intentional infliction of emotional distress. *Braesch v. Union Ins. Co.*, 237 Neb. 44, 464 N.W.2d 769 (1991). No such response is alleged in the petition.

Accepting the truth of the facts well pled in the petition and giving the pleading the benefit of any reasonable inference from the facts alleged, we conclude that appellant failed to establish that he was entitled to recover from the State; that is, the facts are insufficient to constitute a cause of action for intentional infliction of emotional distress. The judgment of the district court regarding this cause of action was correct and is affirmed.

AFFIRMED.